486 So.2d 1384 (1986)
FLORIDA National Bank, As Guardian of the Property of Minette K. Coachman a/K/a Minnie Coachman, Appellant,
v.
Danuta T. Domanska, Appellee.
No. 85-2320.
District Court of Appeal of Florida, Third District.
April 22, 1986.
Rehearing Denied May 20, 1986.
*1385 Smith & Mandler and Robert W. Goldman, Miami Beach, for appellant.
McDonald & McDonald and Peter L. Hatem, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.

REVISED OPINION
FERGUSON, Judge.
This appeal is brought by the defendant Florida National Bank from an order granting Domanska leave to file an amended complaint after the court had denied a rehearing on a final summary judgment for the defendant.
Plaintiff Domanska commenced this action against the Bank, as guardian of Minnie Coachman's property, seeking compensation for services and care rendered to the ailing Mrs. Coachman during the last two years of her life.
On August 19, 1985, the court entered a final summary judgment in favor of the defendant Bank as to all claims. On or about August 28, 1985, Domanska filed a motion for rehearing and simultaneously filed a motion to file an amended complaint. On September 10, 1985, approximately twenty-two days after entry of the final summary judgment, the court denied the motion for rehearing. No appeal was taken. On September 25, 1985, the court entered an order granting the plaintiff's motion to file an amended complaint, from which this appeal is brought. By the new complaint Domanska added a theory of implied contract to the theories of express contract and quantum meruit which were the bases of the original complaint.
The Bank contends that the trial court improperly permitted Domanska to defeat the summary judgment by altering previously filed pleadings where the matters she seeks to present by the amended complaint were available prior to the entry of final judgment.
We need not reach the question presented by the Bank since it appears conclusively from the record that the trial court was without jurisdiction to permit the filing of a new complaint in the action after it denied plaintiff's motion for rehearing filed pursuant to Florida Rule of Civil Procedure 1.530. See Shelby Mutual Insurance Co. v. Pearson, 236 So.2d 1 (Fla. 1970) (trial court loses jurisdiction of case upon entering order disposing of petition for rehearing); Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386 (Fla. 3d DCA 1986) (same); St. Cloud Utilities v. Moore, 410 So.2d 973, 974 n. 3 (Fla. 5th DCA 1982) (same). A final judgment cannot be disturbed by the trial court except on a properly filed motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540.[1]Cf. Fiber Crete Homes, Inc. v. Division of Administration, Department *1386 of Transportation, 315 So.2d 492 (Fla. 4th DCA 1975) (trial court is without authority to entertain subsequent motion for rehearing after denial of a Rule 1.530 motion for new trial except on properly presented motion for relief from judgment).
Reversed and remanded.
NOTES
[1] Relief from a judgment may be granted on grounds of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment which has been satisfied, released, or discharged. Fla.R. Civ.P. 1.540(b). There are no facts in the record which suggest that any of these grounds for relief exist.