513 So.2d 1318 (1987)
Judith Eva HERSKOWITZ, Appellant,
v.
Marvin J. HERSKOWITZ, Appellee.
No. 86-772.
District Court of Appeal of Florida, Third District.
September 29, 1987.
Rehearing Denied November 4, 1987.
Judith Eva Herskowitz, in pro. per.
Stanley Jay Bartel, Miami, for appellee.
Before HUBBART and BASKIN and JORGENSON, JJ.
PER CURIAM.
This is an appeal from a trial court order vacating a final summary judgment under Fla.R.Civ.P. 1.540, as well as a corollary order denying a previously granted motion for the summary judgment herein. We reverse and remand with directions to reinstate the final summary judgment based on the following briefly stated legal analysis.
First, the trial court entered a final summary judgment in this cause on October 4, 1985. No motion for rehearing under Fla. R.Civ.P. 1.530 was filed by either party to this cause and no appeal was taken from the final judgment.
Second, the counter-plaintiff herein, Marvin J. Herskowitz, filed a motion to vacate this judgment under Fla.R.Civ.P. 1.540 on December 30, 1985, in which he claimed that he had not received a copy of the final summary judgment, and, was, accordingly, denied his right to file a motion for rehearing under Fla.R.Civ.P. 1.530, and to thereafter appeal from the final judgment. The trial court denied this motion on January 24, 1986; no appeal was taken from this order.
Third, the trial court, sua sponte, on February 20, 1986, vacated the final summary judgment herein on the following grounds:

*1319 "The Court, having reviewed more completely the Memoranda of Law and submissions by both parties; having taken into consideration the prior Orders of Judge Herbert M. Klein and Judge Lamar Warren, and the Order and Mandate of the Third District Court of Appeal, and after more thoroughly reviewing the pleadings and prior Orders in this case, has determined that the Court's Final Summary Judgment of October 4, 1985, was in error in disposing of Count I of the Third Amended Counterclaim (Malicious Prosecution of New York Action and Appeal). The court, in the furtherance of justice and under the authority of Rule. 1.540 F.R.C.P., is empowered to correct its own oversight or mistake and to avoid error."
The trial court thereafter entered an order denying the previously granted motion for summary judgment filed by the counter-defendant Judith Eva Herskowitz; the said counter-defendant has appealed the above two orders.
Fourth, the law is well settled that a trial court is restricted in vacating a final judgment under Fla.R.Civ.P. 1.540 to the narrow grounds stated therein, and is not empowered to revisit a final judgment on the merits so as to correct errors of law as the trial court may do on a motion for rehearing under Fla.R.Civ.P. 1.530. Stated differently, once a judgment becomes final  as where (a) a final judgment has been entered, and (b) a motion for rehearing under 1.530 has been denied or no such motion is filed and the ten days for filing same has expired  the trial court loses jurisdiction to rehear the judgment on the merits. Shelby Mutual Ins. Co. of Shelby, Ohio v. Pearson, 236 So.2d 1, 3-4 (Fla. 1970); Barrios v. Draper, 423 So.2d 1002, 1003 (Fla. 3d DCA 1982); Pompano Atlantis Condominium Ass'n v. Merlino, 415 So.2d 153, 154 (Fla. 4th DCA 1982); see McKibbin v. Fujarek, 385 So.2d 724, 725 (Fla. 4th DCA 1980).
Finally, the trial court, sua sponte, vacated the final judgment herein on the merits based on certain perceived errors of law and did not rely on any of the narrow grounds for vacating a final judgment under Fla.R.Civ.P. 1.540. This being so, the trial court plainly erred in vacating the final summary judgment under Fla.R. Civ.P. 1.540.
The orders under review are reversed, and the cause is remanded to the trial court with directions to reinstate the final summary judgment herein.
Reversed and remanded.