RYDER, Acting Chief Judge.
Appellee brought an action to foreclose on a $5,400.00 promissory note. The trial court entered a default judgment against appellant. Subsequently, appellee filed a motion for proceedings supplementary to execution. The court entered an order regarding proceedings supplementary providing that the default judgment had not been satisfied “leaving the full amount due, plus accrued interest at the rate of 12% ... for a total of ... $7,156.71.” The order also provided that appellant’s only asset known at the time was a $60,000.00 promissory note owed to appellant. The court awarded appellee “all right, title and interest” of appellant in the $60,000.00 promissory note subject to a certain partial assignment of that note to Credithrift, Inc., to whom appellant had assigned the right to collect a portion of the payments under the note. The order specifically satisfied of record the final judgment entered in appellee’s favor.
Approximately ten months later, appellant filed a petition to modify the order regarding the proceedings supplementary. Appellant sought to have the court resolve the issue of ownership of the excess proceeds from the $60,000.00 note used to satisfy the $7,011.18 judgment, a total of over $46,000.00. Appellee claimed that the order regarding proceedings supplementary entitled appellee to all proceeds from the note.
A hearing was held on appellant’s petition to modify the order regarding proceedings supplementary. The court denied appellant’s requested relief.
On appeal, appellant contends that the trial court erred when it denied appellant’s petition to modify the order regarding proceedings supplementary pursuant to Florida Rule of Civil Procedure 1.540. We agree.
Florida Rule of Civil Procedure 1.540(b) provides, in pertinent part: “On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, and surprise or excusable neglect....” A motion pursuant to Rule 1.540(b) must be made within one year of the entry of the judgment.
A trial court is restricted in vacating a final judgment under Florida Rule Civil Procedure 1.540 to the narrow grounds stated therein, and is not empowered to revisit a final judgment on the merits so as to correct errors of law as the trial court may do on a motion for rehearing under Florida Rule of Civil Procedure 1.530. Herskowitz v. Herskowitz, 513 So. 2d 1318 (Fla. 3d DCA 1987).
In the instant case, appellant filed its motion to correct an oversight in the trial court’s order regarding proceedings supplementary within one year of the entry of the order. Appellant sought to have the *1144 trial court correct its order to provide for the amount of the $60,000.00 note to be awarded to appellee. Appellant did not seek to have the trial court correct an error of law or to otherwise modify the order. To affirm the flawed order would be to provide appellee a windfall. Appellee would receive approximately $46,000.00 on a $7,156.71 judgment. Surely, the trial court did not intend such an unjust result. The trial court’s error must be corrected.
Accordingly, we reverse and remand the matter to the trial court so that the trial court may correct its order to specify the amount of the $60,000.00 note to be awarded to appellee and to provide that the excess proceeds remaining after the judgment has been satisfied be paid to appellant.
REVERSED.
HALL and THREADGILL, JJ., concur.