537 So.2d 697 (1989)
CAPITAL BANK, a Florida Banking Corporation, Petitioner,
v.
The Honorable Francis X. KNUCK, As Judge of the Eleventh Judicial Circuit Court in and for Dade County, Florida, Respondent.
No. 88-2534.
District Court of Appeal of Florida, Third District.
January 31, 1989.
Ullman & Ullman, North Miami Beach, and Carlos L. de Zayas, Miami, for petitioner.
Ferguson & Ferguson, Miami, Alberto M. Carbonell, for respondent.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
*698 SCHWARTZ, Chief Judge.
A final money judgment was entered in favor of the petitioner, Capital Bank, against Luis Bulas and another defendant. Within the time provided by Florida Rule of Civil Procedure 1.530 Bulas moved for rehearing and to alter or amend the judgment against him. The trial judge disposed of this motion in the following order:
1. Defendant, LUIS BULAS'S, Motion for Rehearing and Motion to Alter or Amend Judgment is denied without prejudice.
2. The Defendant, LUIS BULAS, is given an additional ten (10) days from the date of the hearing within which to file an additional Motion for Rehearing based upon additional information.
3. The Court takes under advisement, pending further Order of Court, the remaining Motions filed by the Defendant.
When, notwithstanding this disposition, the lower court purported to entertain further proceedings concerning Bulas's additional motions, the bank brought this prohibition proceeding to prevent it from doing so on the ground that the order had divested it of jurisdiction over the subject matter of the case. We agree and grant the writ.
It is apparent that the unqualified denial of Bulas's appropriate post-judgment motion constituted a final disposition of that motion.[1] Because, notwithstanding that the order undertook to do so, the trial court has no authority either to permit the filing of any further motion for rehearing beyond the one authorized by Florida Rule of Civil Procedure 1.530, Markevitch v. Van Harren, 429 So.2d 1255 (Fla. 3d DCA 1983), appeal after remand, 447 So.2d 332 (Fla. 3d DCA 1984), pet. for review denied, 456 So.2d 1182 (Fla. 1984), or to extend the time for filing that motion, Clara P. Diamond, Inc. v. Tam-Bay Realty, Inc., 462 So.2d 1168 (Fla. 2d DCA 1984), the quoted order therefore terminated the trial court's jurisdiction over the cause. Markevitch v. Van Harren, 429 So.2d at 1255.
In sum, the lower court could do nothing after the appropriate disposition of the single authorized post-trial motion.[2] Prohibition will therefore be granted to preclude its ongoing attempt to go further. Estate of Godley, 508 So.2d 46 (Fla. 4th DCA 1987); Florida Nat'l Bank v. Domanska, 486 So.2d 1384 (Fla. 3d DCA 1986).
PROHIBITION GRANTED.[3]
NOTES
[1] The fact that the order was purportedly "without prejudice" does not affect this conclusion. Derma Lift Salon, Inc. v. Swanko, 419 So.2d 1180 (Fla. 3d DCA 1982); Gries Investment Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980).
[2] Short of, perhaps, a motion under Florida Rule of Civil Procedure 1.540, which was not filed in this case.
[3] We are sure it will be unnecessary to issue a formal rule absolute.