BASKIN, Judge
(dissenting).
The trial court lacked jurisdiction to enter the order appealed; consequently, the appeal is untimely and should be dismissed.
After entering a final judgment and denying a motion for rehearing, the trial court, on its own motion, vacated the order denying motion for rehearing it had entered on November 15, 1988, and entertained additional memoranda of law. Thereafter, on December 20, 1988, the court again denied defendant’s motion for rehearing, rejecting defendant’s legal contention. No appeal was taken following the first denial of rehearing on November 15, 1988.
The record reflects that the court did not correct a clerical mistake under Florida Rule of Civil Procedure 1.540; instead, the court reconsidered the merits of the motion for rehearing, an act the court was not privileged to do. The trial court’s December order was entered after the court lost jurisdiction. Unfortunately, appellant relied on the late order to its detriment and failed to appeal the judgment after the court’s November denial of rehearing. Nevertheless, the orders entered subsequent to November 15, 1988, do not extend the time for filing an appeal. Because appellant failed to appeal within applicable time limits, the appeal should be dismissed. Capital Bank v. Knuck, 537 So.2d 697 (Fla. 3d DCA 1989). The majority decision deviates from the clearly expressed holding of Capital Bank and cited cases.