555 So.2d 360 (1990)
STATE of Florida ex rel. Eduardo CANTERA, Petitioner,
v.
DISTRICT COURT OF APPEAL, THIRD DISTRICT, Respondent.
No. 74367.
Supreme Court of Florida.
January 11, 1990.
*361 Arnaldo Velez of Taylor, Brion, Buker & Greene, Miami, for petitioner.
Marilyn J. Holifield of Holland & Knight, Miami, for respondent The Boatmen's Nat. Bank of St. Louis, a Nat. Banking Ass'n.
GRIMES, Justice.
Eduardo Cantera filed this petition for writ of prohibition seeking to prevent the Third District Court of Appeal from considering an appeal from a judgment he obtained against the Boatsmen's National Bank of St. Louis, formerly known as Centerre Bank, N.A. Pursuant to article V, section 3(b)(7), of the Florida Constitution, this Court may entertain by prohibition any case pending in a district court of appeal when it appears that that court is about to act in excess of its jurisdiction. State ex rel. Sarasota County v. Boyer, 360 So.2d 388 (Fla. 1978). Upon consideration of the response to our order to show cause, we now grant the petition.
Final judgment was entered on October 11, 1988. The bank filed a motion for rehearing on October 21, 1988. The trial judge entered an order denying the motion for rehearing on November 15, 1988. However, on November 21, 1988, the trial court entered an order vacating the order denying the motion for rehearing and by a separate order directed the parties to file memoranda directed to the issues raised by the bank's motion for rehearing. After the submission of memoranda, the trial court entered an order denying the motion for rehearing on December 28, 1988. On January 17, 1989, the bank filed a notice of appeal to the Third District Court of Appeal. Cantera filed a motion to dismiss or quash the appeal, contending that when the trial judge originally denied rehearing he lost jurisdiction to enter the subsequent order. Thus, Cantera argued that the notice of appeal should have been filed no later than thirty days from November 15, 1988. In a split decision, the Third District Court of Appeal denied the motion to dismiss. 544 So.2d 341.
The case turns on whether the trial judge had the authority to vacate the order denying rehearing. Ironically, a recent decision of the same Third District Court of Appeal suggests the lack of such authority. In Capital Bank v. Knuck, 537 So.2d 697 (Fla. 3d DCA 1989), the trial judge entered an order denying a motion for rehearing but gave the movant an additional ten days to file a new motion for rehearing. In prohibiting the trial court from entertaining further proceedings with respect to the new motion, the Third District Court of Appeal said:
It is apparent that the unqualified denial of Bulas's appropriate post-judgment motion constituted a final disposition of that motion. Because, notwithstanding that the order undertook to do so, the trial court has no authority either to permit the filing of any further motion for rehearing beyond the one authorized by Florida Rule of Civil Procedure 1.530, or to extend the time for filing that motion, the quoted order therefore terminated the trial court's jurisdiction over the cause... .
In sum, the lower court could do nothing after the appropriate disposition of the single authorized post-trial motion.
Id. at 698 (footnotes omitted; citations omitted). See also Markevitch v. Van Harren, 429 So.2d 1255 (Fla. 3d DCA 1983).
The bank seeks to justify the order vacating the denial of the motion for rehearing as an order entered pursuant to Florida Rule of Civil Procedure 1.540(a) which reads:
(a) Clerical Mistakes. Clerical mistakes in judgments, decrees or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an *362 appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
However, it is clear that the order of November 21, 1988, was not intended to correct a clerical mistake. The first order denying rehearing recited that the motion contained no legal argument not previously presented to the court and that the order was being entered in conformity with Hernandez v. Ward, 437 So.2d 781 (Fla. 2d DCA 1983), and Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). By making reference to these cases, it is apparent that the trial judge had concluded that it was unnecessary to hold a hearing or receive memoranda in order to dispose of the motion. While he evidently reconsidered his position six days later, the entry of the order of November 15, 1988, denying rehearing cannot be deemed a mistake or error of the kind contemplated by rule 1.540(a).
The trial judge lost jurisdiction when he denied the motion for rehearing. Consequently, the notice of appeal filed more than two months later was untimely. An appellate court cannot exercise jurisdiction over a cause where a notice of appeal has not been timely filed. Hawks v. Walker, 409 So.2d 524 (Fla. 5th DCA 1982); Pitts v. State, 225 So.2d 352 (Fla. 1st DCA 1969). We, therefore, grant prohibition.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.