589 So.2d 383 (1991)
EASTERN CEILING AND SUPPLY CORP., INC., Appellant,
v.
POWERHOUSE INSULATION, INC., etc., et al., Appellees.
No. 90-2507.
District Court of Appeal of Florida, Fourth District.
November 13, 1991.
*384 Larry Klein of Klein & Walsh, P.A., West Palm Beach, and Philip M. Warren, P.A., Pompano Beach, for appellant.
No brief filed for appellees.
PER CURIAM.
Appellant Eastern Ceiling and Supply Corp. appeals a non-final order granting appellees' motion to set aside final judgment. We reverse. The trial court erred in granting appellees' motion to set aside the final judgment pursuant to Florida Rule of Civil Procedure 1.540 on the ground that the judgment was entered because of a mistake of law.
At the trial in this case, appellant, relying on the 1971 version of the fictitious name statute, successfully moved to strike appellees' pleadings. Appellant represented to the court that a defendant who has not complied with the statute "is precluded from either prosecuting or defending a case." However, section 865.09 was amended in 1985 to eliminate the provision that a non-complying party could not defend an action. Section 865.09(5)(b), Florida Statutes (1985) specifically provides that a non-complying business is not precluded from defending any action, suit, or proceeding in any court of this state. The amendment had prospective application only and did not apply to any actions pending on its effective date of June 5, 1985. The instant case was filed in 1986.
The trial court entered a final judgment in favor of appellant for $131,339. Appellees filed a motion for rehearing on July 27, 1990, alleging that appellant had misled the trial court with regard to the contents of section 865.09. The court denied appellees' motion for rehearing on July 30, 1990. There was no appeal.
Appellees then filed a motion to set aside the final judgment pursuant to Florida Rule of Civil Procedure 1.540, asserting that during the trial, appellant persuaded the court that the 1971 version of section 865.09 was applicable, resulting in the entry of final judgment against appellees. Appellees argued that because the court relied on a material misrepresentation of fact as to section 865.09 in entering final judgment in favor of appellant, the court should set aside the judgment based upon fraud as authorized by Florida Rule of Civil Procedure 1.540(b)(3).
The trial court set aside the final judgment, specifically finding a mistake of law, rather than fraud. Appellant then filed the instant appeal.
In Curbelo v. Ullman, 571 So.2d 443 (Fla. 1990), the supreme court cited this court's decision in Fiber Crete Homes, Inc. v. Division of Administration, 315 So.2d 492, 493 (Fla. 4th DCA 1975), for the proposition that rule 1.540 was not "intended to serve as a substitute for the new trial mechanism prescribed by rule 1.530 nor as a substitute for appellate review of judicial error." The supreme court held that the trial court's error in determining damages without a jury was not the type of "mistake" for which relief is available under rule 1.540(b)(1). Curbelo, 571 So.2d at 444-45.
Mistakes which result from oversight, neglect or accident are subject to correction under rule 1.540(b)(1). However, judicial error such as "mistaken view of the law" is not one of the circumstances contemplated by rule. Fiber Crete Homes, 315 So.2d at 493; see also In re Estate of Beeman, 391 So.2d 276 (Fla. 4th DCA 1980); Constant v. Tillitson, 214 So.2d 91 (Fla. 1st DCA 1968). In the instant case, the trial court's error in permitting a non-jury determination of damages when the right to jury trial had not been waived was a mistake of law *385 which must be appealed. Thus, Curbelo's argument that relief should be granted under rule 1.540(b)(1) based upon judicial mistake is without merit.
Id. at 445.
A mistaken view of the law is considered to be a judicial error. Gross v. Simanonok, 366 So.2d 47, 49 (Fla. 2d DCA 1978), cert. denied, 376 So.2d 75 (Fla. 1979).
The law is well settled in Florida that a trial court is restricted in vacating a final judgment pursuant to Florida Rule of Civil Procedure 1.540 to the narrow grounds stated therein and is not empowered to revisit a final judgment on the merits to correct errors of law. Herskowitz v. Herskowitz, 513 So.2d 1318, 1319 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 878 (Fla. 1988).
GLICKSTEIN, C.J., and DOWNEY and ANSTEAD, JJ., concur.