611 So.2d 108 (1992)
A.W. BAYLOR PLASTERING, INC., a Florida corporation, Appellant,
v.
MELLON STUART COMPANY and Seaboard Surety Company, Appellees.
No. 92-2360.
District Court of Appeal of Florida, Fifth District.
December 31, 1992.
*109 Peter B. Heebner of Heebner, Baggett, Prechtl and Ellis, Daytona Beach, for appellant.
John P. Horan and John R. Hamilton of Foley & Lardner, Orlando, for appellee Seaboard Sur. Co.
No appearance for appellee Mellon Stuart Co.

ON MOTION TO DISMISS APPEAL
PER CURIAM.
Appellant, A.W. Baylor Plastering, Inc., plaintiff below, appeals from an order labelled "Order Denying Motion for Rehearing", entered on August 24, 1992.
On January 21, 1992, the trial court entered a final order on motion to dismiss and motion to strike, striking the plaintiff's complaint and dismissing the action. The basis for dismissal was that the plaintiff corporation's complaint was not signed by an attorney authorized to practice in Florida and that such complaint could not be amended but instead must be stricken. No timely motion for rehearing or appeal was pursued.
On July 17, 1992, the plaintiff filed in the trial court what it labelled "Motion for Relief From Judgment", claiming the court was mistaken in the law it relied upon in dismissing the cause and preventing the attempted amendment of the complaint. By order dated August 24, 1992, the court denied what it labelled a "Motion for Rehearing." A notice of appeal from this order was filed on September 22, 1992. The appellant's initial brief was filed on December 1, 1992. The appellees, defendants below, have moved to dismiss this appeal, claiming that it is a non-final appeal from an order on a motion for relief from judgment, Florida Rule of Civil Procedure 1.540, and that the initial brief was due to be served within 15 days of the filing of the notice of appeal. See Fla.R.App.P. 9.130(a)(5), (e).
The appellant's brief is tardy. Florida Rule of Appellate Procedure 9.130(a)(5), which deals with review of non-final orders, provides that, "Orders entered on motions filed pursuant to Fla.R.Civ.P. 1.540 are reviewable by the method prescribed by this rule." The order being appealed here, even though labelled "Order Denying Motion For Rehearing", was entered on a motion filed pursuant to Florida Rule of Civil Procedure 1.540. The brief, thus, was due within 15 days of the filing of the notice of appeal, or, on or before October 7, 1992.
While ordinarily a cause should not be disposed of on the basis of an inadvertent procedural omission, this appeal is substantively flawed.
Rule 1.540 was intended to provide relief from orders under a limited set of circumstances. It was neither intended to serve as a substitute for the new trial or rehearing mechanism prescribed by Rule 1.530, nor as a substitute for appellate review of judicial error. Curbelo v. Ullman, 571 So.2d 443 (Fla. 1990); Fiber Crete Homes, Inc. v. Division of Administration, 315 So.2d 492 (Fla. 4th DCA 1975). As stated in Herskowitz v. Herskowitz, 513 So.2d 1318 (Fla. 3d DCA 1987):
[T]he law is well settled that a trial court is restricted in vacating a final judgment under Fla.R.Civ.P. 1.540 to the narrow grounds stated therein, and is not empowered to revisit a final judgment on the merits so as to correct errors of law *110 as the trial court may do on a motion for rehearing under Fla.R.Civ.P. 1.530. Stated differently, once a judgment becomes final  as where (a) a final judgment has been entered, and (b) a motion for rehearing under 1.530 has been denied or not such motion is filed and the ten days for filing same has expired  the trial court loses jurisdiction to rehear the judgment on the merits.
Accord Eastern Ceiling and Supply Corp. v. Powerhouse Insulation, Inc., 589 So.2d 383 (Fla. 4th DCA 1991) (trial court's mistake of law in ruling the defendants could not defend case because of failure to comply with fictitious name statute did not provide basis for vacating judgment). See also Barrios v. Draper, 423 So.2d 1002, 1003 (Fla. 3d DCA 1982) (party seeking relief from judgment based on mistake of law has two alternatives. He may file a motion for rehearing pursuant to Florida Rule of Civil Procedure 1.530(g) within 10 days after entry of the final judgment or file an appeal within 30 days. Having failed to do either, defendant was precluded from relief).
The error being asserted here is one of law. See Eastern Ceiling. Appellant could not use a motion for relief from judgment as a substitute for a timely motion for rehearing or timely appeal from the January 21, 1992 order dismissing the action. Eastern Ceiling; see generally Keller v. Belcher 256 So.2d 561 (Fla. 3d DCA 1972) (alleged mistake in failing to include in divorce decree provision that alimony would terminate upon remarriage of wife was not a matter correctable upon 1.540 motion but rather should have been raised on appeal from divorce decree). The trial court here correctly denied the motion for relief from judgment.
The motion to dismiss is denied and the appealed order is affirmed.
AFFIRMED.
W. SHARP, COWART and HARRIS, JJ., concur.