695 So.2d 862 (1997)
Susana A. ARLEO, f/k/a Susana A. Garcia, Petitioner,
v.
Carlos E. GARCIA, Respondent.
No. 97-1029.
District Court of Appeal of Florida, Fourth District.
June 18, 1997.
Peter Mineo, Jr. of Peter Mineo, Jr., P.A., Fort Lauderdale, for petitioner.
John F. Jankowski, Jr., Plantation, for respondent.
PER CURIAM.
We grant the petition for writ of prohibition. Upon entering the order on respondent's first motion for rehearing, the trial court lost jurisdiction to rule on the second motion for rehearing and to consider the merits of the case. See Shelby Mutual Insurance Co. of Shelby, Ohio v. Pearson, 236 So.2d 1 (Fla.1970). The "without prejudice" clause in the order denying the first motion for rehearing does not allow for the filing of a second motion for rehearing; trial courts have no authority to permit the filing of any further motion for rehearing beyond the one authorized by rule 1.530. Capital Bank v. Knuck, 537 So.2d 697, 698 (Fla. 3d DCA 1989). Rule 1.540 does not provide the trial court with jurisdiction since the pension matter at issue does not rest on a clerical error, and the fact-specific case of DePadro v. Moore, 215 So.2d 27, 29 (Fla. 4th DCA 1968), cert. denied, 222 So.2d 748 (Fla.1969), urged by respondent as controlling, is distinguishable. Finally, the trial court does not have continuing jurisdiction over the pension issue because the court made an adjudication on the pension issuei.e., that the pension is a non-marital assetand did not reserve jurisdiction over that issue. See Galbut v. Garfinkl, 340 So.2d 470, 473 (Fla.1976).
All orders entered by the trial court after its denial of respondent's first motion for rehearing are hereby vacated. We assume it will be unnecessary to issue a formal writ of prohibition, and that the trial judge will dismiss respondent's second motion for rehearing as an unauthorized motion, and will not proceed further with the case.
PROHIBITION GRANTED.
WARNER, FARMER and PARIENTE, JJ., concur.