818 So.2d 560 (2002)
Joyce McMAHON, Appellant,
v.
George W. CARTER, Appellee.
No. 2D00-5153.
District Court of Appeal of Florida, Second District.
February 13, 2002.
Robert L. Donald of Law Office of Robert L. Donald, Fort Myers, and Joseph R. Gaeta of Joseph R. Gaeta, P.A., Fort Myers, for Appellant.
Bonita Kneeland Brown of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellee.
COVINGTON, Judge.
This is an appeal from an order which vacated the jury's verdict and granted a new trial to the defense based on the alleged misconduct of a juror. Joyce McMahon brought suit to recover for injuries sustained in an automobile accident. After a three-day trial, the jury returned a verdict in favor of McMahon and against George W. Carter.
Eight days after the trial, Carter filed a motion for new trial or, in the alternative, for juror interview. The crux of the motion was that Juror Wallace Casio had concealed material information in his voir dire examination. Carter argued that had that information been known at the time of voir dire examination, Mr. Casio would have been excused as a juror. After a hearing on the matter, the court determined that "absent a full evidentiary hearing on the issue, the Defendant has not *561 submitted properly admissible evidence from which the Court can grant either a juror interview or a new trial." The court went on to deny the motion "without prejudice," allowing Carter the opportunity to "resubmit the matter and schedule a formal evidentiary hearing regarding the claims of juror misconduct."
Carter filed a notice for an evidentiary hearing on his motion for new trial, and several months later a second hearing was held. While noting that "[t]he matter was previously considered by the Court and denied without prejudice," the trial court granted Carter's motion and ordered a new trial.
The issue before this court is whether the trial court lost jurisdiction to rule on the resubmitted motion for new trial, upon its entry of the first order denying the motion for new trial. The leading case in this area is Capital Bank v. Knuck, 537 So.2d 697 (Fla. 3d DCA 1989). There, the plaintiff bank recovered a money judgment, and the defendant moved for rehearing under Florida Rule of Civil Procedure 1.530. The trial court held in its order that the motion "is denied without prejudice" and gave the defendant ten days to gather additional information to support his motion. 537 So.2d at 698. The plaintiff bank then sought a writ of prohibition, contending that the trial court did not have the authority to conduct additional proceedings. The Third District agreed:
It is apparent that the unqualified denial of Bulas's appropriate post-judgment motion constituted a final disposition of that motion.1 Because, notwithstanding that the order undertook to do so, the trial court has no authority ... to permit the filing of any further motion for rehearing beyond the one authorized by Florida Rule of Civil Procedure 1.530....
1 The fact that the order was purportedly "without prejudice' does not affect this conclusion.
537 So.2d at 698 & n. 1 (citations omitted).
In Arleo v. Garcia, 695 So.2d 862 (Fla. 4th DCA 1997), the Fourth District followed the reasoning set forth in Capital Bank. There, the trial court denied the motion for rehearing "without prejudice," but the Fourth District held that the trial court did not have authority to proceed further: "[T]rial courts have no authority to permit the filing of any further motion for rehearing beyond the one authorized by rule 1.530." 695 So.2d at 862. The court granted a writ of prohibition, holding that "[a]ll orders entered by the trial court after its denial of respondent's first motion for rehearing are hereby vacated." Id.; see also Trueblood v. State, 782 So.2d 508 (Fla. 1st DCA 2001).
For the reasons stated above, we reverse the order of the trial court and remand for the entry of judgment in McMahon's favor.
WHATLEY and SILBERMAN, JJ., Concur.