WELLS, Judge.
This is an appeal of a final judgment of dissolution of marriage. For present purposes we accept the former husband’s characterization that the post judgment motion he filed on June 16, 2004, included a motion for rehearing which the trial court denied without prejudice on July 27, 2004.
Thereafter, the former husband filed an “Amended Motion for Rehearing/Interpretation/Clarification.” On March 10, 2005, the trial court conducted a hearing on this motion and issued an order in which it concluded that after it entered the July 27, 2004 order, it had no further authority to rule on this matter. We agree.
The trial court’s use of the words “without prejudice” on its order dated June 27, 2004 did not open the door to the former husband to file a new motion for rehearing. This court long ago confirmed that a rehearing motion cannot be denied without prejudice:
The issue before this court is whether the trial court lost jurisdiction to rule on the resubmitted motion for new trial, upon its entry of the first order denying the motion for new trial. The leading case in this area is Capital Bank v. Knuck, 537 So.2d 697 (Fla. 3d DCA 1989). There, the plaintiff bank recovered a money judgment, and the defendant moved for rehearing under Florida Rule of Civil Procedure 1.530. The trial court held in its order that the motion “is denied without prejudice” and gave the defendant ten days to gather additional information to support his motion. 537 So.2d at 698. The plaintiff bank then sought a writ of prohibition, contending that the trial court did not have the authority to conduct additional proceedings. The Third District agreed:
It is apparent that the unqualified denial of Bulas’s appropriate post-judgment motion constituted a final disposition of that motion. [The fact that the order was purportedly “without prejudice” does not affect this conclusion.] Because, notwithstanding that the order undertook to do so, the trial court has no authority ... to permit the filing of any further motion for rehearing beyond the one authorized by Florida Rule of Civil Procedure 1.530....
537 So.2d at 698 & n. 1 (citations omitted).
In Arleo v. Garcia, 695 So.2d 862 (Fla. 4th DCA 1997), the Fourth District followed the reasoning set forth in Capital Bank. There, the trial court denied the motion for rehearing “without prejudice,” but the Fourth District held that the trial court did not have authority to proceed further: “[T]rial courts have no authority to permit the filing of any further motion for rehearing beyond the one authorized by rule 1.530.” 695 So.2d at 862. The court granted a writ of prohibition, holding that “[a]ll orders entered by the trial court after its denial of respondent’s first motion for rehearing are hereby vacated.” Id.; see also Trueblood v. State, 782 So.2d 508 (Fla. 1st DCA 2001).
McMahon v. Carter, 818 So.2d 560, 561 (Fla. 2d DCA 2002) (reversing an order granting a new trial entered several months after the trial court denied a rule 1.530 motion for new trial without prejudice and reserving jurisdiction to hold a formal evidentiary hearing).
The trial court was correct in concluding that it had no jurisdiction to consider the *1153 former husbands September 8, 2004 “Amended Motion for Rehearing/Interpretation/Clarification.” The final judgment of dissolution of marriage became final following the July 27, 2004 denial of his 1.530 motion for rehearing.
Affirmed.