PALMER, J.
Mitchel Kalmanson (father) filed a petition seeking a writ of prohibition to prevent the trial judge from revisiting or vacating a sanction order previously affirmed by this court. Determining that the respondent, Attorney Richard L. Ducote, is precluded by the principle of res judicata from further challenging the sanction order, we grant the petition.
Since 2000, this highly contested custody dispute has appeared in this court 13 times. Relevant to this appeal, in 2003, the trial court ordered Ducote (attorney for the mother, Donna Robinson) to pay the father’s attorney’s fees and costs as a sanction for Ducote’s “bad faith” conduct related to:
1. Making “frivolous objections” leading to extra expense in retaking a deposition;
2. Using illegally obtained evidence;
3. Asking immaterial and embarrassing questions in an attempt to intimidate a witness during her deposition; and,
4. Placing father in a position where he was forced to seek emergency in-junctive relief related to pre-trial publicity.
Ducote appealed the sanction order in our Case No. 03-3341. In that appeal, Ducote asserted, among other arguments, that the trial court’s imposition of monetary sanctions violated his right to due process. This court affirmed. See Ducote v. Kalmanson, 905 So.2d 898 (Fla. 5th DCA 2005). Ducote moved for rehearing, *51 for rehearing en banc, and for a written decision. His motions were denied, and this court issued its mandate on July 18, 2005. Ducote did not seek further relief in the supreme court.
Instead, Ducote filed a motion in the trial court to vacate the sanction order. Ducote asserted “that he was not given notice that the former husband was claiming attorneys’ fees against him personally.” The trial judge issued a stay of enforcement regarding the sanction order, ordered the father to show cause why Du-cote’s motion should not be granted, and ruled that “a hearing is necessary to determine whether Mr. Ducote was given adequate notice and an opportunity to be heard on his personal liability for attorneys’ fees.”
The father challenges this order, arguing that, since this court affirmed the sanction order against Ducote in Case No. 03-3341, the trial judge can not revisit the issue. We agree. The trial court has no authority to reconsider the sanction order because this court has affirmed the order.
In a fairly similar situation, the third district provided a good analysis of the controlling legal principles:
On this appeal, the former husband [an attorney] argues that one of the underlying attorney’s fee orders was entered in error and that the trial court erred in enforcing it. This argument is without merit.
The underlying attorney’s fee order which the former husband is trying to attack was entered on March 4, 2003 ... The former husband appealed the March 4 order to this court, arguing procedural error. This court affirmed without opinion. Sibley v. Sibley, 866 So.2d 1223 (Fla. 3d DCA 2003) (table), cert. denied, 542 U.S. 937, 124 S.Ct. 2909, 159 L.Ed.2d 813 (2004). Since the former husband already appealed the March 4 order and this court already affirmed it, common sense and principles of res judicata dictate that the former husband cannot now mount a second appeal of the March 4 order.
Sibley v. Sibley, 885 So.2d 980, 981(Fla. 3d DCA 2004). See also State ex rel. Cantera v. District Court, 555 So.2d 360 (Fla.1990)(explaining that prohibition is the proper remedy to prevent the trial court’s improper exercise of judicial power over matters already determined on appeal).
PETITION GRANTED; WRIT ISSUED.
PLEUS, C.J. and MONACO, J., concur.