SCHWARTZ, Senior Judge.
The November 9, 2011, order before us by both appeal and cross-appeal, granted in part and denied in part the Bennetts’ motion to vacate the November 2, 2010, final judgment enforcing a mediated settlement of their personal injury action against the appellee. Because, however, an initial application for reconsideration (styled by the then-pro se Mrs. Bennett as “Disagree with Mediation Agreement and Motion to Enforce Settlement That was Done on November 2, 2010”) had already been denied on March 30, 2011, and it is clear that the trial court thereafter lacked jurisdiction to consider the successive motion for rehearing or indeed any further proceeding related to the merits of the underlying judgment,[1] see Shelby Mut. Ins. Co. of Shelby, Ohio v. Pearson, 236 So.2d 1 (Fla.1970); Travelers Cas. & Sur. Co. of Am. v. Culbreath Isles Prop. Owners Ass’n, 103 So.3d 900 (Fla. 2d DCA 2012); Wilson v. Ford, 949 So.2d 1151 (Fla. 3d DCA 2007); Capital Bank v. Knuck, 537 So.2d 697 (Fla. 3d DCA 1989), the order is vacated and held for naught. The effect of this ruling is to confirm the validity of the final judgment, which itself has never been appealed.
Order vacated.

. The motion also requested relief under Florida Rule of Civil Procedure 1.540(b). Because the judgment was not "void," however, that relief was not available. See Everhome Mortg. Co. v. Janssen, 100 So.3d 1239 (Fla. 2d DCA 2012); Krueger v. Ponton, 6 So.3d 1258 (Fla. 5 th DCA 2009); Dep’t of Health & Rehabilitative Seivs. v. Morley, 570 So.2d 402 (Fla. 5th DCA 1990).