FORST, J.,
concurring.
I concur in the decision to reverse Appellant’s conviction. The trial court made two suppression rulings. It first found that “[a] reasonable person could not conclude [that the individual who answered the door and invited the officers to enter Appellant’s hotel room had] the apparent authority to permit consent.” The court then ruled that “the material that was found upon entering the room based on that consent is going to be suppressed.” This material included marijuana, pills, and drug paraphernalia. The State did not file a cross-appeal of this adverse suppression ruling. As such, we need not offer our agreement (or disagreement) with this suppression ruling. See Fla. R. App. P. 9.030(b) (“District courts of appeal shall review, by appeal. ...” (emphasis added)); State ex rel. Cantera v. Dist. Court of Appeal, Third Dist., 555 So.2d 360, 362 (Fla.1990) (“An appellate court cannot exercise jurisdiction over a cause of action where a notice of appeal has not been timely filed.”). In light of the tainted initial search (per the trial court’s ruling), I agree with the majority that the contraband found as a result of the subsequent search of Appellant’s person should have also been suppressed. In so doing, I do not address the merits of the trial court’s granting the motion to suppress with respect to the initial search.