PER CURIAM.
Florida Organic Aquaculture, LLC ("Florida Organic") appeals a final judgment awarding attorney's fees to Advent Environmental Systems, LLC ("Advent") following a contract dispute. Florida Organic argues that the trial court lacked jurisdiction to enter orders and a judgment awarding Advent costs and attorney's fees after it denied Advent's motion for rehearing on its motion to tax costs and attorney's fees. We agree and reverse.
After serving Florida Organic with a complaint for breach of contract, Advent made an offer of judgment for $ 50,000, which Florida Organic elected not to accept. The case proceeded to trial, and the court entered a final judgment on Advent's behalf for $ 65,000, reserving jurisdiction to award costs and attorney's fees. Advent filed a motion to tax costs and attorney's fees based on the final judgment and the offer of judgment rejected by Florida Organic.[1] On April 25, 2016, following a hearing, the trial court granted Advent's motion as to costs but denied it as to attorney's fees based on Diamond Aircraft Industries, Inc. v. Horowitch, 107 So.3d 362 (Fla. 2013).
*912 Advent timely moved for rehearing and to stay the case pending the Florida Supreme Court's review of the certified conflict between Borden Dairy Co. of Alabama v. Kuhajda, 171 So.3d 242 (Fla. 1st DCA 2015) (relying on Diamond Aircraft, 107 So.3d at 362 ), and Bennett v. American Learning Systems of Boca Delray, Inc., 857 So.2d 986 (Fla. 4th DCA 2003). The trial court granted the stay.
On October 20, 2016, the Florida Supreme Court rendered its decision on the conflict. See Kuhajda v. Borden Dairy Co. of Ala., 202 So.3d 391 (Fla. 2016). The following day, Advent scheduled a hearing on its motion for rehearing. Florida Organic filed a supplemental memorandum arguing that the facts and law related to Advent's offer of judgment had not changed and that there were no new issues that required rehearing. On October 27, 2016, the trial court summarily denied Advent's motion for rehearing and cancelled the hearing on the motion.
On October 31, 2016, Advent filed a motion for reconsideration of the order denying its motion for rehearing and a memorandum of law in support thereof. On November 16, 2016, the trial court granted Advent's motion for reconsideration and scheduled a hearing on the matter. At the hearing, Florida Organic argued that the trial court lacked jurisdiction to reconsider the denial of a motion for rehearing. On February 1, 2017, the trial court vacated its April 25, 2016 order granting Advent costs but denying it attorney's fees and granted Advent's motion to tax costs and attorney's fees in totality. On February 2, 2017, it entered a final judgment granting Advent costs and attorney's fees. This appeal followed.
The issue for our determination is whether the trial court lacked jurisdiction to enter orders and the judgment granting attorney's fees and costs after it denied Advent's motion for rehearing on October 27, 2016. In deciding this issue, we must analyze whether the order denying Advent's motion for rehearing was a final order. If so, it divested the trial court of jurisdiction to hear Advent's motion for reconsideration and to enter a final judgment awarding costs or attorney's fees. E.g., State ex rel. Cantera v. Dist. Ct. App., Third Dist., 555 So.2d 360, 362 (Fla. 1990) (explaining that the trial court lost jurisdiction over the matter when it denied a motion for rehearing of the final order and that trial courts are not permitted to authorize motions for rehearing beyond those allowed by Rule 1.530 (citing Capital Bank v. Knuck, 537 So.2d 697, 698 (Fla. 3d DCA 1989) ) ); Markevitch v. Van Harren, 429 So.2d 1255, 1256 (Fla. 3d DCA 1983) (noting that the rules of civil procedure do not authorize a second motion for rehearing).
An order, judgment, or decree is final if it "constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected." S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla. 1974). We have held that a final judgment reserving jurisdiction to award attorney's fees or granting attorney's fees but reserving jurisdiction to determine the amount is nonfinal as to the issue of attorney's fees. Mills v. Martinez, 909 So.2d 340, 342 (Fla. 5th DCA 2005) ("An award of attorneys' fees does not become final, and, therefore, appealable until the amount is set by the trial court." (citing Sanders v. Palmieri, 849 So.2d 417, 417 (Fla. 5th DCA 2003) ) ). However, post-judgment orders denying attorney's fees are final orders, unless it is clear from the order that the trial court did not intend to end its judicial labor. See Fabing v. Eaton, 941 So.2d 415, 417-18 (Fla. 2d DCA 2006) (holding that order *913 denying motion for attorney's fees was final because the trial court did not enter it without prejudice and did not permit movant to reargue the merits of the motion in the future). Here, the trial court entered the order denying Advent attorney's fees following a final judgment that reserved jurisdiction to rule on costs and attorney's fees. Accordingly, we find that the order granting Advent costs and denying it attorney's fees was a final order when the trial court entered it on April 25, 2016.
Advent's subsequent motion for rehearing was proper pursuant to Florida Rule of Civil Procedure 1.530 because Advent timely directed it at a final order.[2] However, the entry of an order denying a motion for rehearing divests a trial court of jurisdiction to conduct further proceedings, including hearing and ruling on a second motion for rehearing. E.g., Cantera, 555 So.2d at 362 ; Markevitch, 429 So.2d at 1256 ; see also A.W. Baylor Plastering, Inc. v. Mellon Stuart Co., 611 So.2d 108, 110 (Fla. 5th DCA 1992) ("[O]nce a judgment becomes final-as where (a) a final judgment has been entered, and (b) a motion for rehearing under 1.530 has been denied or not such motion is filed and the ten days for filing same has expired-the trial court loses jurisdiction to rehear the judgment on the merits." (quoting Herskowitz v. Herskowitz, 513 So.2d 1318, 1319 (Fla. 3d DCA 1987) ) ). We hold that when the trial court denied Advent's motion for rehearing on October 27, 2016, it was divested of jurisdiction to rehear the question of attorney's fees and costs.
While Advent titled its October 31, 2016 motion as one for reconsideration of the order denying rehearing, motions for reconsideration apply only to "nonfinal, interlocutory orders, and are based on a trial court's 'inherent authority to reconsider and, if deemed appropriate, alter or retract any of its nonfinal rulings prior to entry of the final judgment or order terminating an action.' " Seigler v. Bell, 148 So.3d 473, 478 (Fla. 5th DCA 2014) (emphasis added) (quoting Silvestrone v. Edell, 721 So.2d 1173, 1175 (Fla. 1998) ). Here, Advent did not direct its motion towards a nonfinal order entered prior to final judgment; rather, it filed the motion regarding the order denying rehearing entered after final judgment. Accordingly, we find that Advent's motion for reconsideration was actually a second motion for rehearing, which is not permitted under the Florida Rules of Civil Procedure. E.g., Markevitch, 429 So.2d at 1256.
We note that after a trial court rules on a motion for rehearing, it retains jurisdiction only to enter post-decretal orders to effectuate the judgment or to consider motions pursuant to Florida Rule of Civil Procedure 1.540. See St. Cloud Utils. v. Moore, 410 So.2d 973, 974 n.3 (Fla. 5th DCA 1982) ("The trial court loses jurisdiction, except to enforce the judgment and except as provided by Florida Rule of Civil Procedure 1.540, when the time for filing a motion for rehearing or new trial has expired, or if such motion has been timely filed, when it is ruled upon." (citations omitted) ); see also De Ardila v. Chase Manhattan Mortg. Corp., 826 So.2d 419, 421 (Fla. 3d DCA 2002) ("The trial judge lost jurisdiction, (except for the entry of post decretal orders to effectuate the final judgment), when, having denied the relief sought, she then denied the mortgagor's request for rehearing."). Rule 1.540 allows relief from judgment based on mistake, inadvertence, surprise, excusable neglect, *914 newly discovered evidence, fraud, a void or satisfied judgment, or a clerical mistake. Fla. R. Civ. P. 1.540.
Here, Advent did not allege in its motion for reconsideration any of the grounds set forth in Rule 1.540 as a basis for relief from the judgment; it argued only on the merits of the disputed legal issue.[3] Because the April 25, 2016 order granting costs and denying attorney's fees was a final order, Advent's only available avenue of relief was to file a notice of appeal within thirty days of the trial court's denial of its motion for rehearing on October 27, 2016. See Fla. R. App. P. 9.110(b) (providing that a party must file an appeal within thirty days of rendition of the order to be reviewed); Fla. R. App. P. 9.020(h)(1)(B) (providing that timely and authorized motions for rehearing toll rendition of final orders); cf. Helmich v. Wells Fargo Bank, N.A., 136 So.3d 763, 764 (Fla. 1st DCA 2014) ("It is axiomatic that an appeal must be filed within thirty days of entry of the final judgment; this is jurisdictional and irremediable. It is also clear that a party's motion for rehearing/reconsideration directed at denial of relief from judgment is unauthorized and will not toll the unwavering thirty-day time limit." (citations omitted) ). Thus, the trial court improperly granted Advent's motion for reconsideration on November 16, 2016, as it did not have jurisdiction to rule on the motion.
Accordingly, we reverse and remand with instructions to vacate all orders entered after the denial of Advent's motion for rehearing on October 27, 2016, including the February 2, 2017 final judgment, and to reinstate the April 25, 2016 order granting Advent costs and denying it attorney's fees.
REVERSED and REMANDED with instructions.
COHEN, EISNAUGLE and SASSO, JJ., concur.

The parties entered a stipulation regarding the amount and reasonableness of taxable costs and attorney's fees.

Motions for rehearing are governed by Florida Rule of Civil Procedure 1.530, which "has been consistently construed to authorize rehearings of orders and judgments which are final in nature." Capone v. Philip Morris USA, Inc., 116 So.3d 363, 372 (Fla. 2013) (citing Deal v. Deal, 783 So.2d 319, 321 (Fla. 5th DCA 2001) ).

Even if Advent labeled its motion as one pursuant to Rule 1.540, a trial court is limited by the narrow grounds stated in Rule 1.540"and is not empowered to revisit a final judgment on the merits so as to correct errors of law as the trial court may do on a motion for rehearing." A.W. Baylor Plastering, 611 So.2d at 109-10 (quoting Herskowitz, 513 So. 2d at 1319 ). Rule 1.540 is not intended to serve as a substitute for appellate review of judicial error. Id. at 109 ; see also Curbelo v. Ullman, 571 So.2d 443 (Fla. 1990) (explaining that a "mistaken view of the law" is not a "mistake" as contemplated by Rule 1.540 (citation omitted) ).