662 So.2d 1343 (1995)
Marsea J. Powers, a/k/a Marsea Powers, Appellant,
v.
ITT FINANCIAL SERVICES CORPORATION, et al., Appellee.
No. 94-2846.
District Court of Appeal of Florida, Fifth District.
November 17, 1995.
*1344 Stanley C. Felton, of Withlacoochee Area Legal Services, Inc., Ocala, for Appellant.
Maria L. Pfohl, of Shapiro & Fishman, Tampa, for Appellee.
HARRIS, Judge.
Appellant, Marsea J. Powers (Powers), timely appeals from a non-final order vacating a summary judgment of foreclosure.
Marsea J. Powers (and her former husband) executed a mortgage deed and promissory note to Family First Mortgage Corporation for $50,700 and another mortgage in favor of ITT Financial Services Corporation (ITT) in the amount of $22,560. The First Family Mortgage was assigned to First Nationwide Bank (Nationwide).
When the Powers defaulted on their obligation, ITT filed a foreclosure action. The Powers and Nationwide were listed as defendants. Service of process was made on Nationwide by serving Suzanne Podegraz, First Vice President of the human resources department of Nationwide in Sacramento, California. In her affidavit, Podegraz explained that she accepted service because she recognized the name "Gary Powers"; she knew that a person by that name had been employed at Nationwide and she knew he was involved in a divorce proceeding. Podegraz believed that the documents she received were related to Powers' pension plan or 401k plan. She later found out that the Powers she knew was not the same person involved in the current lawsuit and she immediately forwarded the documents to the correct division of the company.
ITT filed a motion for summary judgment and a final judgment of foreclosure was entered. Following a judicial sale of the property, a certificate of sale was executed by the clerk of court.
After learning of its mistake, Nationwide filed a motion to vacate the summary judgment of foreclosure, alleging that due to its excusable neglect, ITT's summons and complaint had not been forwarded to the appropriate division of the company. Included in the memorandum filed with its motion was the argument that pursuant to rule 1.540 Nationwide had "satisfactorily shown both excusable neglect and the existence of a meritorious defense."
A hearing on the motion for relief under Rule 1.540 was conducted by Judge Angel, successor to Judge Musleh. At the hearing, Powers took the position that Nationwide was a second mortgagee and that its mortgage had been extinguished when the certificate of title in favor of ITT was entered. Nationwide argued that if the certificate of title was set aside because its previous failure to respond had been due to excusable neglect, then the vacated certificate of title would have no effect on its position. After hearing argument, the court ruled as follows:
COURT: Okay. Based on what you've presented I'll grant your motion. But this would still leave litigation over what your contention is.
NATIONWIDE'S COUNSEL: I understand, Judge.
COURT: And the defendant is still free to assert you were a second mortgage, not a first mortgage so that will just leave that fact unresolved, okay?
NATIONWIDE'S COUNSEL: Okay. We have not asked the court to determine that issue at this time in the motion anyway so I appreciate it, your Honor.
COURT: Certificate is set aside. The judgment is set aside and we're at issue waiting to be set for a final hearing.
In a subsequent order, the court vacated ITT's certificate of title, the foreclosure sale, and the final summary judgment of foreclosure. Powers appealed, we affirm.
Powers first argues that the service of process on Nationwide was properly served. But this is not the issue. The Bank's argument acknowledges proper service *1345 but argues for relief from the judgment because of its excusable neglect. The trial court found that there was excusable neglect which justified setting aside the judgment and certificate of title. We find no error in the court's ruling.
Powers next argues that Nationwide waited too long to seek relief. It appears that as soon as its error was discovered, Nationwide sought relief. The trial court held that its motion was timely. We find no fault with that decision.
Next, Powers urges that Nationwide's interest was extinguished by the entry of the summary final judgment of foreclosure. But the judgment was set aside and, once set aside, the judgment has no effect on the rights of either party.
Finally, Powers urges that Judge Angel lacked the authority to "modify findings of fact or correct errors committed by a predecessor judge." But that is not what happened in this case. True, a predecessor judge entered the summary final judgment. However, it was the newly assigned judge that ruled on the appropriateness of setting aside that judgment under Rule 1.540. This was an appropriate action for the trial court to take.
AFFIRMED.
PETERSON, CJ., and GOSHORN, J., concur.