368 So.2d 101 (1979)
Julian MARX and Oakland Park Development Corporation, Appellants,
v.
Zachary W. REDD, Appellee.
No. 76-2227.
District Court of Appeal of Florida, Fourth District.
March 7, 1979.
*102 Harry G. Carratt of Morgan, Carratt & O'Connor, Fort Lauderdale, for appellants.
Michael J. Padula of Allsworth, Doumar, Schuler, Padula & Laystrom, Fort Lauderdale, for appellee.
BERANEK, Judge.
Defendants appeal from a judgment in favor of plaintiff entered after a non jury trial. Plaintiff sued for an accounting and for damages alleged to have occurred as a result of the breach of a business association agreement. It was alleged in Count I that the parties had reached an oral partnership agreement relating to the development of real estate. It was asserted that this oral partnership agreement had been breached by defendants. Count II alleged the existence of an oral employment agreement whereby the plaintiff was to share in certain profits resulting from the development of real estate.
The matter proceeded to a non jury trial in the Circuit Court. The events following the trial may be summarized as follows:
November 25, 1975  Final judgment entered for defendant dismissing plaintiff's complaint with prejudice.
December 4, 1975  Plaintiff served a motion for rehearing directed to Count II of the complaint relating to the employment contract.
August 31, 1976  Order denying plaintiff's motion for rehearing.
September 14, 1976  Order granting plaintiff's motion for rehearing and entering judgment in favor of plaintiff *103 against defendants on Count II of the complaint relating to the employment contract.
September 27, 1976  Order setting aside prior order of August 31, 1976, and stating that this order had been entered through mistake and inadvertence.
The eventual final judgment (a combination of the judgment and order of November 25, 1975, and September 14, 1976) found that an employment relationship existed between the parties and that the said oral employment agreement provided for payment to the plaintiff in the form of a sharing of profits. The profits were to be shared on the basis of 33 1/3% from the sale of phase one of the real estate development. A special master was appointed to proceed with taking an accounting. It was noted in the final judgment that pursuant to the terms of the plaintiff's employment, plaintiff had already been paid by defendants the sum of $102,000, but that some $90,000 of this amount had not actually been received by plaintiff by reason of a stop payment order which defendants had issued on the check.
The defendants raise four points on appeal. The first point asserts that the trial court erred in acting under Rule 1.530 of the Rules of Civil Procedure in setting aside the original final judgment in favor of defendants and in setting aside the initial order denying plaintiff's motion for rehearing. It is clear that Circuit Courts have general authority over their own orders, decrees and judgments before they become final. Danner v. Danner, 206 So.2d 650 (Fla. 2d DCA 1968). The Florida Rules of Civil Procedure allow courts to act upon motion by any party or on the Court's own motion to grant relief from an order under such circumstances and for those reasons set forth in Rule 1.540(b). Such reasons include mistake, inadvertence, surprise or excusable neglect. The type of "mistake" envisioned by this rule is the type of honest and inadvertent error made in the ordinary course of litigation. See, Danner v. Danner, supra. The trial court's eventual order of September 27, 1976, expressly stated that the court had inadvertently signed the order denying plaintiff's motion for rehearing when in fact the court intended to grant said motion. Clearly, when a court signs an order submitted by counsel inadvertently and through error, this sort of mistake can be corrected under Fla.R.Civ.P. 1.540. This is clearly the intention of the rule and no error was committed in this regard. Defendants also assert that the form of the court's order granting the motion for rehearing was improper in that it did not set forth the specific grounds therefor. This argument is without merit. Pensacola Chrysler-Plymouth, Inc., v. Costa, 195 So.2d 250 (Fla. 1st DCA 1967).
Defendants next argue that the Court misconceived the legal effect of the evidence. It is asserted that the Court could not have found the absence of a partnership agreement under Count I and still found in favor of the plaintiff on an employment agreement under Count II. We see no legal inconsistency between these two theories and do not believe that the finding on Count I and Count II is inconsistent so as to require reversal. Defendants' main argument here seems to be that the sharing of profits is more akin to a partnership than it is to an employment agreement. While this may be true, an employment contract may provide that the employee will share in the profits of the employer's business. See, Ennis v. Warm Mineral Springs, Inc., 203 So.2d 514 (Fla. 2d DCA 1967), and Bouden v. Walker, 266 So.2d 353 (Fla. 2d DCA 1972).
Defendants next argue that the evidence was insufficient to sustain the final judgment eventually entered. In short, it appears that the principal of the defendant corporation testified that there did exist an employment relationship. As such, there was clearly evidence in support of the trial court's finding in this regard. We find the evidence to be sufficient.
Lastly, defendants argue that the plaintiff's claim based on an employment contract was within the Statute of Frauds as provided in F.S. § 725.01. We have *104 reviewed the evidence and law in this regard and find this argument to be without merit.
The final judgment below is therefore affirmed.
AFFIRMED.
DOWNEY, C.J., and CROSS, J., concur.