415 So.2d 153 (1982)
POMPANO ATLANTIS CONDOMINIUM ASSOCIATION, INC., and Highlands Insurance Company, Appellants/Cross-Appellees,
v.
Rosemarie MERLINO and Joseph Merlino, Her Husband, Appellees/Cross-Appellants.
Nos. 81-1064, 81-1065.
District Court of Appeal of Florida, Fourth District.
June 23, 1982.
*154 Larry Klein and Jane Kreusler-Walsh, West Palm Beach, and Pyszka & Kessler, Fort Lauderdale, for appellants/cross-appellees.
Timothy P. Beavers of Ferrero, Middlebrooks & Strickland, P.A., Fort Lauderdale, for appellees/cross-appellants.
PER CURIAM.
Thirteen days after rendition of a trial court order granting a remittitur, or in the alternative a new trial, the Plaintiff moved for a clarification of the order. The motion was granted and a new order substituted. We reverse.
The Plaintiff concedes that his clarification motion was not filed in accordance with Florida Rule of Civil Procedure 1.540, but that nevertheless, the nunc pro tunc order which was substituted can be treated as if it had been entered upon the court's own initiative. We cannot agree.
In the first place, it was not entered upon the court's own initiative. Regardless of that, however, we also do not believe that the substitute order arose out of any clerical mistake or inadvertence in the original.
The original order stated that if the Plaintiff elected not to accept the remittitur "a new trial be and the same is hereby granted." The substitute nunc pro tunc order recited "that the court did not [in the original order] in any way contemplate a new trial on the issue of liability" but only intended a retrial on the issue of damages. We do not view this substitute ruling as one correcting a mere clerical mistake or inadvertence. Rather do we believe that the error being corrected, if any, was a judicial one.
As this court stated in Fiber Crete Homes, Inc. v. Division of Administration, State of Florida, Department of Transportation, 315 So.2d 492, 493 (Fla. 4th DCA 1975):
Rule 1.540 was intended to provide relief from judgments, decrees or orders under a limited set of circumstances; it was neither intended to serve as a substitute for the new trial mechanism prescribed by Rule 1.530 nor as a substitute for appellate review of judicial error. Kuykendall v. Kuykendall, Fla.App. 1974, 301 So.2d 466; Constant v. Tillitson, Fla.App. 1968, 214 So.2d 91; Volumes in Value, Inc. [v. Buy Mail International Inc., Fla. App. 1965, 177 So.2d 511], supra. As was observed in [In re Estate of] Weymer, [Fla.App. 1967, 199 So.2d 495] supra, "a decision is inadvertent if it is the result of oversight, neglect or accident as distinguished from judicial error." (emphasis in original)
This rule only envisions "mistakes" made in the ordinary course of litigation and does not contemplate judicial error. Marx v. Redd, 368 So.2d 101 (Fla. 4th DCA 1979). In determining whether an order resulted from mere accident or judicial error, the test adopted by this court in In re Estate of Beeman, 391 So.2d 276, 281 (Fla. 4th DCA 1980), is:
whether or not the court reached a decision in the intentional or purposeful exercise of its judicial function. If the pronouncement reflects a deliberate choice on the part of the court, the act is judicial; errors of this nature are to be cured by appeal.
Motions for new trials, rehearings or amendments must be filed within ten days of rendition thereof even if initiated by the court. Florida Rules of Civil Procedure 1.530(d). The instant motion for clarification was not filed until thirteen days after rendition of the original order and the substitution order, even if we were to treat it *155 as one initiated by the court, was not rendered until twenty-eight days after the entry of the original order. In either event, this was too late.
The cause is hereby remanded with instructions to reinstate the order granting the remittitur.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
LETTS, C.J., and GLICKSTEIN and WALDEN, JJ., concur.