DELL, Judge.
The prevailing plaintiff in an action to compel arbitration challenges two orders of the trial court which denied his motion to tax costs and attorneys fees against appel-lee, his insurer.
Following an automobile accident involving personal injuries, appellant settled with the tortfeasor without the written consent of appellee, then sought arbitration of his underinsured motorist claim. Appellee declined to arbitrate and appellant filed the instant suit. The trial court found in favor of appellant, and entered a final judgment which compelled arbitration, awarded costs and attorneys fees pursuant to Section 627.-428, Florida Statutes (1981), and reserved jurisdiction to set the amount of such fees. Appellee made no motion for rehearing or to alter or amend the judgment. At the subsequent hearing to determine the amount of appellant’s attorneys fees, appellant’s counsel presented evidence relevant to the proper amount of such fees. At the close of appellant’s evidence, and with no prior notice to appellant, appellee’s counsel made a substantive argument, disputing appellant’s entitlement to fees under Section 627.428. After hearing appellee’s argument the court orally denied appellant’s motion for attorneys fees. Appellant moved for rehearing of this oral ruling. The court thereafter took various confusing actions which alternatively awarded and denied attorneys fees to appellant.
On August 4, 1981, the judge entered an order denying attorneys fees and modifying the final judgment to that effect. In this order the court construed Section 627.428 and concluded that appellant was not entitled to recover attorneys fees. Subsequently, the trial judge reversed himself. He entered an order granting appellant’s motion for rehearing, and ruled that appellant was entitled to attorneys fees under Section 627.428. One week later, September 2, *412 1981, the judge reversed himself again and entered an order which denied the same motion for rehearing and quashed “any order to the contrary” (i.e., the order of August 26). The September 2 order states in part: “Denial of [appellant’s] Motion to Tax Attorneys Pees dated June 19, 1981, and heard June 29, 1981, is hereby ratified on grounds then stated.” The order cited Rule 1.540(b), Florida Rules of Civil Procedure, as authority to correct the final judgment by deleting paragraph three thereof, the attorneys fee award. Appellant filed his notice of appeal on September 16, 1981.
Appellee challenges this court’s jurisdiction and contends that appellant’s motion for rehearing, directed at the trial judge’s oral ruling, did not operate to toll the time to appeal from the court’s written order implementing that ruling, rendered on August 4. Accordingly, appellee also contends that the time to file appellant’s notice of appeal expired on September 3, 1981.
We need not determine the effect of appellant’s motion for rehearing because before the time to appeal the August 4 order expired, the trial judge entered an order which awarded appellant attorneys fees. Accordingly, as of August 26, appellant had prevailed on all points. He had nothing to appeal. Not until September 2, when the trial judge reversed himself for the third time, did appellant’s need to file a notice of appeal resurrect itself. Appellant’s notice of appeal refers to this order. We have jurisdiction.
Rule 1.540(b) permits the trial court to relieve a party from final judgment on several grounds, including mistake or inadvertence, within one year of entry of final judgment. The rule envisions an inadvertent and honest mistake made in the ordinary course of litigation, Viking General Corp. v. Diversified Mortgage Investors, 387 So.2d 983 (Fla. 2d DCA 1980), petition for review denied, 394 So.2d 1154 (Fla.1981), including the inadvertent and erroneous signing of an order submitted by counsel, Marx v. Redd, 368 So.2d 101 (Fla. 4th DCA 1979). A mistaken view of the law, however, constitutes judicial error rather than simple mistake, Gross v. Simanonok, 366 So.2d 47 (Fla. 2d DCA 1978), cert. denied, 376 So.2d 75 (Fla.1979), and must be presented by motion to rehear under Rule 1.530. Elmore v. Palmer First National Bank and Trust Co., 221 So.2d 164 (Fla. 2d DCA 1969).
Appellee vigorously argues that the trial judge had the authority to alter this judgment under Rule 1.540(b) because the judge inadvertently signed the final judgment, prepared by appellant’s counsel, without realizing that it included a fee award. We find no support for this argument in the record. Although the September 2 order cites Rule 1.540(b), it also explicitly refers to the argument presented at the fee hearing as grounds for entry of the order. We find no indication that appellee presented an argument on mistake to the court in this hearing, or at any other time. Instead, appellee argued the substantive merits of the award during the hearing. The transcript of this hearing demonstrates that the trial judge based his ruling on, and only on, appellee’s substantive argument. Such a change in the trial judge’s view of the law did not provide grounds for relief under Rule 1.540(b). Accordingly, the trial judge had no cognizable grounds to alter this judgment. We decline to discuss other points presented, as our holding disposes of them. Since appellee did not dispute the amount of fees established at the hearing, and in fact agreed the amount was reasonable, we reverse and remand with directions to reinstate the award of attorney fees in favor of appellant in the amount of $6,581.50.
REVERSED and REMANDED WITH DIRECTIONS.
GEIGER, DWIGHT L., Associate Judge, concurs.
HURLEY, J., concurs in result only.