CAMPBELL, Acting Chief Judge.
Husband argues that the trial court order that dismissed or struck his Rule 1.540 motion was in error because the final judgment, through oversight or omission, neglected to provide for the parties’ minor child in the order of dissolution despite the stipulated pleadings of the parties. While Rule 1.540 was perhaps not the most appropriate vehicle, the trial court here should not have dismissed the proceedings without making some provision for child custody and support.
The parties’ stipulated pleadings requested that primary residence of the minor child be awarded to Wife, subject to visitation by Husband. The final order, however, made no provision for the child. Seven months later, Husband filed a Rule 1.540 motion requesting that the court correct the judgment by granting Husband *767 shared parental responsibility and visitation, and by ordering that he pay child support under the guidelines. Wife moved to dismiss Husband’s motion alleging that it did not present a claim for relief under Rule 1.540.
The court denied Husband’s motion but stated that Wife could file a supplemental petition for modification and Husband could file a counterpetition. The court’s failure to provide for the child despite stipulated pleadings to the contrary is judicial error. § 61.13(2)(b)2, Fla.Stat. (1989). Husband’s Rule 1.540 motion was thus inappropriate since parties are specifically prohibited from using Rule 1.540 motions to attempt to remedy judicial error. Pompano Atlantis Condominium Ass’n, Inc. v. Merlino, 415 So.2d 153 (Fla. 4th DCA 1982).
By the same token, however, the court’s suggestion that Wife move for a modification of the final judgment seems equally inappropriate since the final judgment did not speak to the issue of child custody.
We, therefore, reverse the trial court order with instructions to conduct proceedings pursuant to section 61.13 to determine the child custody and visitation rights of the parties.
FRANK and HALL, JJ., concur.