PER CURIAM.
Appellant, Wolfgang Langer (Langer), appeals a non-final order setting aside a summary final judgment and granting a rehearing in an action for breach of contract. We reverse.
Langer contracted with appellee, Aeroví-as Airlines (Aerovías), to have an automobile shipped from Miami to Guatemala. Aerovías had a contract with a subcontractor, Air Haiti, S.A. (Air Haiti), to provide ground services for Aerovías.
Langer delivered the automobile to the Air Haiti dock, and Air Haiti accepted it on behalf of Aerovías. However, the automobile never arrived at its Guatemala destination.
Langer sued Aerovías, and Aerovías filed a third party complaint against Air Haiti. The trial court granted final summary judgments in favor of Langer against Ae-rovías, and in favor of Aerovías against Air Haiti.
Air Haiti timely filed a motion for rehearing alleging the existence of material issues of fact relating to the transaction between Aerovías and Air Haiti. Air Haiti did not seek to attack the summary judgment in favor of Langer against Aerovías.
Aerovías also filed a motion for rehearing forty-three days after the trial court entered judgment in favor of Langer. Ae-rovías’ untimely motion alleged:
*176 That in the event the third party defendant, AIR HAITI, is found to be entitled to a Rehearing, the defendant, AEROVI-AS, S.A., is also entitled to a Rehearing.
The trial court granted Air Haiti’s and Ae-rovias’ motions and set aside the summary judgments previously entered against Air Haiti and Aerovias.
“A rehearing is a second consideration of a cause for the sole purpose of calling to the attention of the court any error, omission, or oversight that may have been committed in the first consideration.” Cole v. Cole, 130 So.2d 126 (Fla. 1st DCA 1961). Upon the timely filing of a petition for rehearing, the court may reopen the case and reconsider any or all of the provisions of its final decree. However, the court need not reopen the case to hear matters not raised by the petition for rehearing. Cole v. Cole, 130 So.2d at 130.
Rule 1.530, Florida Rules of Civil Procedure provides:
(b) Time for Motion. A motion for new trial or for rehearing shall be served not later than 10 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action.
Aerovias’ motion for rehearing was therefore untimely having been filed forty three days after the judgment in favor of Lan-ger.
We must treat Air Haiti's motion for rehearing and Aerovias’ motion for rehearing as two separate issues: (1) Air Haiti denied liability to Aerovias and sought rehearing based on material issues of fact relating to their contractual relationship; (2) Aerovias sought a rehearing of the summary judgment awarded Langer only if the rehearing requested by Air Haiti was granted.
We reject Aerovías’ assertion that if Air Haiti is granted rehearing, then Aerovias is entitled to a rehearing. The judgment against Aerovias finds Aerovias liable to Langer for the loss of the car. Aerovias contends that Air Haiti is responsible for the loss and therefore, Aerovias should be indemnified by Air Haiti. Air Haiti, in its motion for rehearing, disputes any liability to Aerovias. Aerovias is liable to Langer, notwithstanding the liability issue between Air Haiti and Aerovias.
We also find that Aerovías’ motion for rehearing was not only untimely, but insufficient, as a matter of law. Accordingly, we reverse the order appealed from and remand for further proceedings consistent with this opinion.
Reversed and remanded.