ANTOON, J.
Bernard Shuman filed a complaint for declaratory judgment in the trial court. The complaint alleged that, after Mr. Shuman entered into a contract to purchase real estate from Annette, Steven, Todd, and Dana Winnick (the Winnicks), a dispute arose regarding the description of the property. The trial court ruled in favor of the Winnicks and Mr. Shuman appeals, contending the trial court abused its discretion in ruling against him. We disagree and affirm.
Mr. Shuman leased Filthy McNasty’s Bar and a nearby residence from the Winnicks. When he expressed an interest to purchase the property, the Winnicks submitted a proposed contract to Mr. Shuman offering to sell the property to him for $185,000. A hand-drawn map was attached to the proposed contract depicting where Filthy MeNasty’s Bar and the nearby residence are located, as well as other nearby residential lots in a subdivision also owned by the Winnicks. However, the map was not incorporated into the proposed contract and the contract did not contain a legal description of the property.
After reviewing the proposed contract, Mr. Shuman’s wife asked the Winnicks to add to the contract the street addresses of the bar and the nearby residences. The addresses “2420 and 2450 South Suncoast Boulevard, Homasassa, FL 34448” were added to the contract under the heading “Description.” The parties then executed the contract and a closing date was set.
Prior to closing, a dispute arose between the parties as to the amount of property to be transferred under the terms of the contract. The title insurance commitment described the real property to be conveyed as including only the bar and the nearby residence. Mr. Shuman took the position that the contract also included several nearby residential lots. The contract never closed because of this dispute, and Mr. Shuman sued the Winnicks alleging he was in doubt about his rights under the contract.
After conducting a nonjury trial, the trial court ruled in favor of Mr. Shuman finding that the parties’ contract included the sale of the nearby residential lots. In its final judgment, the court stated that the contract price of $185,000 was “a reasonable fair market value ... for the house, the bar and the various lots.”
Upon receipt of the final judgment, the Winnicks timely filed a motion for rehearing. The motion requested, among other things, that the trial court take additional evidence because the court had incorrectly concluded that the subdivision lots were contiguous to the bar, and had made errors with regard to the valuation of the property. Mr. Shuman objected to the motion; however, the trial court overruled the objection. The Winnicks then submitted additional evidence regarding valuation. Upon reconsideration, the trial court ruled in favor of the Winnicks, finding that it was the intention of the Winnicks to convey only the house and bar located at 2420 and 2450 South Suncoast Boulevard, and “the fair market value of the house, bar and various lots far exceeds the purchase price set forth in the contract and supports the testimony of Steven Winnick regarding *1201 the intent of the parties not to include [the subdivision] lots.”
On appeal, Mr. Shuman first argues that the trial court abused its discretion in allowing the Winnicks to submit additional testimony regarding the valuation of the subject property because the value of the property was neither an issue at trial nor raised in the Winnicks’ motion for rehearing. However, this assertion is not borne out by the record. At trial, Mr. Shuman himself relied on evidence of the value of the property to support his theory that the residential lots were included in the $185,000 contract price. He testified as to the value of the bar, the house, and the residential lots as represented by bids -taken at an auction. Mrs. Shuman also testified as to the amount of their investment in the property and net income from the bar, and stated the Winnicks had first offered to sell them all of the property for $150,000. Furthermore, the motion for rehearing referenced errors made by the trial court in valuing the property.
The trial court did not err in granting the Winnick’s motion for rehearing pursuant to rule 1.530, Florida Rules of Civil Procedure. It was entirely proper for the court to grant rehearing to consider the claim of error with regard to the contiguity of the house and bar to the subdivision lots. See Elser v. Law Offices of James M. Buss, P.A., 679 So.2d 309 (Fla. 5th DCA 1996). It was also within the trial court’s discretion to consider the value of the property on rehearing where both parties presented evidence at trial on that issue. See Langer v. Aerovias, S.A., 584 So.2d 175 (Fla. 3d DCA 1991). Accordingly, we affirm this ruling. See Musselwhite v. Charboneau, 709 So.2d 199 (Fla. 5th DCA 1998).
After the trial court entered its amended final judgment, Mr. Shuman moved for another rehearing. Mr. Shuman contends that the trial court erred in denying his motion for rehearing. We disagree. The basis of his motion was the fact that the Winnicks’ expert, who had testified as to the value of the property, was also the Winnicks’ listing broker. Mr. Shuman argued that this relationship created a conflict of interest requiring rehearing because the expert witness had an interest in the outcome of the trial. The trial court denied the motion for rehearing, and we affirm this ruling as being well within the discretion of the trial court especially since Mr. Shuman questioned the witness on voir dire and on cross-examination and failed to inquire as to whether he had a relationship with the Winnicks. See Musselwhite, 709 So.2d at 199.
AFFIRMED.
GOSHORN, J., and WHITE, A., Associate Judge, concur.