952 So.2d 560 (2007)
PALADIN PROPERTIES, a Florida corporation, Appellant,
v.
FAMILY INVESTMENT ENTERPRISES, a Florida corporation, Appellee.
No. 2D06-4208.
District Court of Appeal of Florida, Second District.
February 9, 2007.
Rehearing Denied April 11, 2007.
Lauriane Ciccarelli of Troiano & Roberts, PA, Lakeland, for Appellant.
Ricardo Santander of Stephen H. Artman, P.A., Lakeland, for Appellee.
STRINGER, Judge.
Paladin Properties appeals from the trial court's order that set aside a default judgment entered against Family Investment Enterprises in an action grounded on a promissory note. Because we agree with Paladin that the trial court abused its discretion *561 in setting aside the default judgment, we reverse and remand for reinstatement of the default judgment.
In 2002, Paladin and Family Investment entered into a lease agreement pursuant to which Family Investment leased three suites in a commercial property from Paladin. In 2004, Family Investment stopped making the required monthly payments under the lease agreement. As a result, the parties negotiated a new lease agreement that allowed Family Investment to lease a single suite in the same commercial property at a reduced lease rate. As part of that same transaction, Paladin obtained a promissory note signed by James T. Newton, one of Family Investment's principals, to secure payment of the deficiency that was due from Family Investment under the original lease agreement.
In 2005, Family Investment allegedly stopped making the payments due under the promissory note. Paladin sued Family Investment for breach of the promissory note and attached to its complaint the original lease agreement, the new lease agreement, and the promissory note. Family Investment did not respond to the complaint, and the clerk entered a default against Family Investment on August 18, 2005. Paladin then filed a motion for default judgment against Family Investment based on the monetary terms of the promissory note. On September 15, 2005, after a hearing, the trial court entered a default judgment against Family Investment for the amounts due under the promissory note. Several months later, on January 10, 2006, Paladin obtained an amended default judgment that corrected some minor errors in the original default judgment. Both the original default judgment and the amended default judgment were rendered by Judge Jacobsen.
On January 27, 2006, Family Investment filed its first notice of appearance in the case and filed a motion for rehearing under Florida Rule of Civil Procedure 1.530 directed to the amended final judgment. Paladin filed an objection to the motion; however, neither party set the motion for hearing. Instead, on March 1, 2006, Family Investment filed a motion to set aside the default judgment pursuant to Florida Rule of Civil Procedure 1.540(b). In its motion, Family Investment alleged that the default judgment had been entered by mistake because the promissory note was not signed by Family Investment but rather by James T. Newton in his individual capacity. Thus, Family Investment contended that Paladin had sued and obtained a default judgment against the wrong defendant and that this was a "mistake" that was correctable under rule 1.540(b). A hearing on the motion to set aside the default judgment was set for August 17, 2006.
At some point between January 10, 2006, and August 17, 2006, the original trial judge, Judge Jacobsen, had been reassigned to a different division within the Tenth Judicial Circuit. Thus, the hearing on Family Investment's motion to set aside the default judgment was heard by a successor judge, Judge Maloney. At that hearing, Family Investment argued that Judge Jacobsen had entered the default judgment based on a mistake of fact. Family Investment contended that Paladin had misrepresented to Judge Jacobsen that Family Investment was the maker of the promissory note when, in fact, it was James T. Newton. Family Investment argued that this "mistake" could be corrected by a motion pursuant to rule 1.540(b). Paladin argued that it had not made any misrepresentations; that Judge Jacobsen had reviewed the file, including the leases and the note, before ruling; and that the default judgment was not entered based on a mistake of fact. Paladin also argued *562 that even if an error had been made, it was a judicial error that could not be corrected under rule 1.540(b) but that should have been corrected by way of appeal. Judge Maloney found that Judge Jacobsen had made a mistake and set aside the default judgment based on that finding. Paladin then brought this appeal, raising two grounds for reversal.
Paladin first contends that the successor trial judge, Judge Maloney, erred in considering Family Investment's motion because it should have been heard by the original trial judge, Judge Jacobsen. We disagree.
The Florida Supreme Court has held that a successor judge may revisit a final judgment entered by a predecessor judge when there is a motion filed pursuant to Florida Rule of Civil Procedure 1.540. Tingle v. Dade County Bd. of County Comm'rs, 245 So.2d 76, 77-78 (Fla.1971). This is so "because a legally sufficient rule 1.540 motion by definition entails matters which (at least ordinarily) were not presented to, or considered by, the predecessor judge." Batista v. Batista, 553 So.2d 1281, 1282 (Fla. 3d DCA 1989). Essentially, the successor judge is not reconsidering the merits of the predecessor judge's rulings but is instead ruling "on the appropriateness of setting aside that judgment under Rule 1.540." Powers v. ITT Fin. Servs. Corp., 662 So.2d 1343, 1345 (Fla. 5th DCA 1995).
Here, Family Investment's motion to set aside the default judgment is exactly the type of motion that the supreme court has explicitly held may be considered by a successor judge. Accordingly, Judge Maloney did not err in considering Family Investment's motion.
Paladin next contends that Judge Maloney abused his discretion in setting aside the default judgment based on Judge Jacobsen's alleged "mistake" in entering the default judgment. On this point, we agree.
Rule 1.540(b) permits the trial court to relieve a party from a final judgment on several grounds, including mistake or inadvertence. Schrank v. State Farm Mut. Auto. Ins. Co., 438 So.2d 410, 412 (Fla. 4th DCA 1983). The rule envisions an honest mistake made during the regular course of litigation, including those that result from oversight, neglect, or accident. Id.; see also Pompano Atlantis Condo. Ass'n v. Merlino, 415 So.2d 153, 154 (Fla. 4th DCA 1982). However, the rule does not include providing a party with relief from judicial errors. Pompano Atlantis Condo. Ass'n, 415 So.2d at 154; In re Estate of Beeman, 391 So.2d 276, 280 (Fla. 4th DCA 1980). Instead, judicial errors must be corrected by way of an appeal. Estate of Beeman, 391 So.2d at 280.
In defining what constitutes "judicial error," the Fourth District explained:
The key factor is whether or not the court reached a decision in the intentional or purposeful exercise of its judicial function. If the pronouncement reflects a deliberate choice on the part of the court, the act is judicial; errors of this nature are to be cured by appeal.
Id. at 281. Thus, in Estate of Beeman, the court reversed an order vacating an award of attorney's fees which had allegedly been "mistakenly" entered after the trial court "inadvertently failed to recall that the contract count had been waived or withdrawn" and thus could not provide a basis for an award of attorney's fees. Id. The court held that such an error was a judicial error that would have to be corrected by way of an appeal. Id.
In this case, Family Investment contends that Judge Jacobsen inadvertently failed to notice or recall that the promissory *563 note was not signed by James T. Newton in his corporate capacity and that the default judgment was entered based on this mistake of fact. However, even if this contention is true, this is the type of error that was characterized as judicial error in Estate of Beeman, and this type of error must be corrected by way of appeal rather than through a motion pursuant to rule 1.540(b). Accordingly, this argument cannot support the order setting aside the default judgment.
Moreover, Family Investment's argument that Paladin made misrepresentations to Judge Jacobsen to obtain the default judgment rests entirely on its own speculation. Such speculation is an improper basis for vacating a default judgment, particularly when the record shows that the trial court had the relevant documents before it when it ruled.
For example, in Gross v. Simanonok, 366 So.2d 47, 49 (Fla. 2d DCA 1978), Simanonok sought to set aside a final default judgment on the ground that Gross had misrepresented to the trial court that she sought to avoid the contract with Simanonok so that she could retain her homestead, when, in fact, she sought to avoid the contract in order to sell her property to a third party. This court noted that Simanonok's allegations of misrepresentation were refuted by the record that was before the trial court when it ruled. Id. Thus, Simanonok was not entitled to relief from the judgment on the ground of mistake. Id.
Similarly, in this case, Family Investment alleges that Paladin misrepresented to the trial court that Family Investment was the maker of the promissory note when, in fact, the maker was James T. Newton. However, this alleged misrepresentation is refuted by the record that was before the trial court at the time the default judgment was entered because the promissory note was attached to Paladin's complaint. Thus, Family Investment essentially asked Judge Maloney to speculate that Judge Jacobsen did not review the record before entering the default judgment but instead relied solely on misrepresentations allegedly made by Paladin. There is no evidence in the record that Paladin made the misrepresentations Family Investment assigns to it, and no evidence that Judge Jacobsen ignored the record before him before entering the default judgment. Thus, because Family Investment's argument relies entirely on unsupported speculation, it cannot support an order setting aside the default judgment on the grounds of "mistake." See Schrank, 438 So.2d at 412 (reversing trial court's order vacating a judgment for attorney's fees on the grounds of mistake because there was no evidence in the record, other than counsel's bare assertions, that the trial judge had inadvertently signed a final judgment, prepared by counsel, without realizing that it included an award of attorney's fees).
In this appeal, Family Investment argues for the first time that the default judgment was properly set aside because Paladin's complaint failed to state a cause of action. In doing so, Family Investment relies on Ginsberg v. Lennar Florida Holdings, Inc., 645 So.2d 490 (Fla. 3d DCA 1994), and Becerra v. Equity Imports, Inc., 551 So.2d 486 (Fla. 3d DCA 1989), both of which hold that a default judgment cannot stand when the complaint fails to state a cause of action. Here, Family Investment argues that because the exhibits to Paladin's complaint contradict the allegations of the complaint, the complaint does not state a cause of action and the default judgment must be set aside. Again, we disagree.
It is true that exhibits attached to a complaint become part of the complaint *564 and will be considered together with it. Ginsberg, 645 So.2d at 494. It is also true that exhibits attached to a complaint control over the allegations of the complaint when the two contradict each other. Id. However, the alleged contradiction must be apparent from the face of the complaint and the exhibits. Becerra, 551 So.2d at 488. Moreover, for exhibits to serve as a basis for dismissing a complaint for failure to state a cause of action, the exhibits must actually negate the cause of actionnot simply raise possible defenses to it. Id.; see also Fla. Farm Bureau Gen. Ins. Co. v. Ins. Co. of N. Am., 763 So.2d 429, 432 (Fla. 5th DCA 2000).
Here, the exhibits attached to Paladin's complaint do not necessarily negate the allegations of the complaint. Instead, when considered in conjunction with the allegations of the complaint, the exhibits create questions of fact that may raise possible defenses to the complaint. Thus, the cases holding that a default judgment should be set aside when the complaint does not state a cause of action cannot support Family Investment's position here.
Because any alleged mistake in entering the default judgment arose from a judicial error that is not correctable by way of a rule 1.540(b) motion, the successor trial judge abused his discretion in setting aside the default judgment. Further, Family Investment's speculation concerning the reason for the alleged "mistake" cannot support setting aside the default judgment. Accordingly, we reverse and remand for reinstatement of the amended default judgment.
Reversed and remanded.
FULMER, C.J., and CASANUEVA, J., Concur.