LOGUE, J.
The Balmoral Condominium Association (“Balmoral”) appeals from an order that granted Grace Grimaldi’s (“Ms.Grimaldi”) motion to vacate a final judgment. Because the motion was not authorized by either rule 1.530 or 1.540 of the Florida Rules of Civil Procedure, we reverse the order granting the motion to vacate and leave the final judgment intact. This case illustrates the danger of conflating the very different approaches to rehear or vacate final orders provided by rules 1.530 and 1.540.
I.
The litigation history between Balmoral and Ms. Grimaldi is somewhat convoluted and lengthy — spanning two lawsuits and five years. For our purposes, the pertinent procedural history begins with the trial court’s entry on September 8, 2011, of a final summary judgment in favor of Bal-moral against Ms. Grimaldi. Ms. Grimaldi failed to appear at the hearing or otherwise contest the entry of the judgment. Within the time allowed, however, Ms. Gri-maldi served a motion for rehearing (“the motion for rehearing”) pursuant to rule 1.530. The motion for rehearing sought to set aside the summary judgment on the basis that Ms. Grimaldi was too ill to contest the summary judgment motion.
The motion for rehearing was duly set for hearing, argued by counsel, and denied by the trial judge on February 21, 2012. At that hearing, Ms. Grimaldi’s newly acquired counsel produced an additional motion which is the subject of this appeal. Titled “motion to vacate and/or for rehearing” (“the motion to vacate”), this additional motion contended that the summary judgment was entered erroneously on the legal merits. Concerned about surprise to the opposing party, the trial court declined to consider the additional motion at the hearing. As mentioned above, the trial court denied the pending motion for rehearing. The trial court agreed, however, *1151 to entertain the motion to vacate at a later date.
On March 19, 2012, the trial court held a hearing on Ms. Grimaldi’s motion to vacate the summary judgment. Balmoral argued that the motion to vacate was a successive, and therefore unauthorized, motion for rehearing. The trial court acknowledged that it was without jurisdiction to entertain the portion of the motion to vacate requesting rehearing because it had already entered an order denying rehearing. Nevertheless, the trial court maintained it had jurisdiction to consider Grimaldi’s motion to vacate pursuant to rule 1.540. During the hearing, the trial court orally granted the motion to vacate, reasoning that “the court should have never granted [summary judgment] on Count I and II. That was in error.” The trial court entered a written order granting the motion to vacate on September 8, 2011. This timely appeal follows. Although the order being appealed is non-final, we have jurisdiction. Fla. R.App. P. 9.180(5).
II.
The resolution of this matter turns on a trial judge’s authority to reconsider and modify final orders under rules 1.530 and 1.540. The starting point for understanding these rules is the need for finality: “The importance of finality in any justice system ... cannot be understated. It has long been recognized that, for several reasons, litigation must, at some point, come to an end.” Witt v. State, 387 So.2d 922, 925 (Fla.1980). Reflecting a balance between the need for finality and the interest of allowing appropriate corrections to final orders, rules 1.530 and 1.540 provide two very different approaches for judges to revisit final judgments. See B. Berman, Florida Civil Procedure at ¶¶ 530.1 — 540.8 (2008). As explained more fully below, rule 1.530 provides a short window of time for a court to reconsider a final order for a broad range of reasons; rule 1.540, on the other hand, provides a larger window of time for a court to change a final order but only for a narrow, enumerated list of reasons. Litigants intermingle the provisions of these rules at their risk.
The grounds for rehearing under rule 1.530 are broad. Under rule 1.530, a party may move for rehearing of final orders in order “to give the trial court an opportunity to consider matters which it overlooked or failed to consider.” Carollo v. Carollo, 920 So.2d 16, 19 (Fla. 3d DCA 2004) (citing Pingree v. Quaintance, 394 So.2d 161 (Fla. 1st DCA 1981)). As this Court has explained, under rule 1.530,
[ a] rehearing is a second consideration of a cause for the sole purpose of calling to the attention of the court any error, omission, or oversight that may have been committed in the first consideration. Upon the timely filing of a petition for rehearing, the court may reopen the case and reconsider any or all of the provisions of its final decree.
Langer v. Aerovias, S.A., 584 So.2d 175, 176 (Fla. 3d DCA 1991) (citation and internal quotation omitted). These broad grounds include the contention that the final order conflicts with the governing law and is otherwise simply wrong on the merits.
But the time limit for serving a motion for rehearing under rule 1.530 is short. Rule 1.530(b) provides that “[a] motion for new trial or for rehearing shall be served not later than 10 days after the return of the verdict in a jury action or the date of filing the judgment in a non-jury action.” Thus, while a timely motion for rehearing can be amended by leave of court before the motion is determined, id., “the trial court has no authority either to *1152 permit the filing of any further motion for rehearing beyond the one authorized by Florida Rule of Civil Procedure 1.530, or to extend the time for filing that motion.” Capital Bank v. Knuck, 537 So.2d 697, 698 (Fla. 3d DCA 1989) (citations omitted), cited with approval in Wilson v. Ford, 949 So.2d 1151, 1152 (Fla. 3d DCA 2007); see also Fla. R. Civ. P. 1.090(b). As a result, “once a judgment becomes final—as where (a) a final judgment has been entered, and (b) a motion for rehearing under 1.530 has been denied or no such motion is filed and the ten days for filing same has expired— the trial court loses jurisdiction to rehear the judgment on the merits.” Herskowitz v. Herskowitz, 513 So.2d 1318, 1319 (Fla. 3d DCA 1987).
In contrast to rule 1.530, the grounds to seek relief from a final judgment or order under rule 1.540 are narrow. In fact, the grounds for relief are strictly limited to an enumerated list. Bank of Am., N.A. v. Lane, 76 So.3d 1007, 1008 (Fla. 1st DCA 2011) (“[T]he trial court is restricted in providing relief from judgments, decrees, or orders to the limited number of grounds set forth in Florida Rule of Civil Procedure 1.540.”). In addition to clerical error, this list is limited to “(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application.” Fla. R. Civ. P. 1.540(b).
Significantly, the contention that the order was simply wrong as a matter of law on the merits is not one of the enumerated grounds for relief under rule 1.540. Paladin Props. v. Family Inv. Enters., 952 So.2d 560, 562 (Fla. 2d DCA 2007); Schrank v. State Farm Mut. Auto. Ins. Co., 438 So.2d 410, 412 (Fla. 4th DCA 1983); Pompano Atlantis Condo. Ass’n v. Merlino, 415 So.2d 153, 154 (Fla. 4th DCA 1982). That ground must be raised in a motion under rule 1.530 or on plenary appeal. See Paladin Props., 952 So.2d at 562; Schrank, 438 So.2d at 412; Pompano Atlantis Condo. Ass’n, 415 So.2d at 154.
While the grounds for a motion to vacate under rule 1.540 are narrow, the time limit for serving a motion for relief from judgment under rule 1.540 extends far beyond the ten days allowed under rule 1.530. Rule 1.540(b) provides that the “motion shall be filled within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order or proceeding was entered.” Keeping in mind these characteristics of the different rules, we turn to an application of the law to the particular facts of this case.
III.
After summary judgment was entered against her, Ms. Grimaldi filed her first motion, which we treat as a timely motion for rehearing pursuant to rule 1.530. As the trial court recognized, once it denied that motion, it was divested of jurisdiction to hear any additional motions for rehearing filed pursuant to rule 1.530. See Wilson, 949 So.2d at 1152 (“[T]rial courts have no authority to permit the filing of any further motion for rehearing *1153 beyond the one authorized by rule 1.530.”) (quoting Arleo v. Garcia, 695 So.2d 862 (Fla. 4th DCA 1997)); Capital Bank, 537 So.2d at 698 (“[T]he lower court could do nothing after the appropriate disposition of the single authorized post-trial motion”).
Ms. Grimaldi urges us to treat her second motion, the motion to vacate, as a motion filed pursuant to rule 1.540 and, indeed, the trial judge treated it in that manner. The only arguments raised in that motion, however, are those asserting that the trial court had erred as a matter of law when it granted the summary judgment. As discussed above, the contention that a final order is wrong as a matter of law on the merits is not one of the enumerated grounds for relief under rule 1.540: “the law is well settled that a trial court is restricted in vacating a final judgment under Fla. R. Civ. P. 1.540 to the narrow grounds stated therein, and is not empowered to revisit a final judgment on the merits so as to correct errors of law as the trial court may do on a motion for rehearing under Fla. R. Civ. P. 1.530.” Herskowitz, 513 So.2d at 1319; see also Paladin, 952 So.2d at 562 (“[Jjudicial errors must be corrected by way of an appeal.”); Schrank, 438 So.2d at 412 (“A mistaken view of the law ... constitutes judicial error rather than simple mistake, and must be presented by motion to rehear under Rule 1.530.”) (internal citation omitted).
Thus, Ms. Grimaldi’s motion to vacate was not authorized either by rule 1.530 or 1.540. Accordingly, we reverse the trial court’s order that vacated the summary judgment in favor of Balmoral against Ms. Grimaldi. Because the trial court lacked jurisdiction to vacate the final judgment, the September 8, 2011, final judgment stands.
Reversed and remanded with directions consistent herein.