# Third District Court of Appeal

## State of Florida

Opinion filed December 15, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1144
Lower Tribunal No. 20-4107
_____

**Ekaterina Vadimovna Samoilova, etc.,**
Appellant,

vs.

**Pyotr Vitalievich Loginov, etc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Law Offices of Andre G. Raikhelson, and Andre G. Raikhelson (Boca Raton), for appellant.

The Law Offices of Bruce Prober, P.A., and Bruce Prober (Fort Lauderdale), for appellee.

Before LOGUE, HENDON, and LOBREE, JJ.

HENDON, J.

Defendant below, Ekaterina Vadimovna Samoilova ("Ms. Samoilova"), appeals from an order denying her motion to vacate or modify the final summary judgment entered in favor of the plaintiff below, Pyotr Loginov ("Mr. Loginov"), and against defendant Igor Viktorovich Samoilov ("Mr. Samoilov"). We reverse the order under review and remand with instructions for the trial court to address the merits of Ms. Samoilova's Motion to Vacate or Modify Order on Final Summary Judgment ("Motion to Vacate").

Judge Mavel Ruiz entered a final summary judgment in favor of Mr. Loginov and against Mr. Samoilov, which affects Ms. Samoilova's interest in a condominium she owns in Miami-Dade County. Ms. Samoilova filed the Motion to Vacate pursuant to Florida Rule of Civil Procedure 1.540(b)(4), asserting that the final summary judgment is void.

Following a hearing, Judge Carlos Lopez entered an unelaborated order denying Ms. Samoilova's Motion to Vacate. The transcript of the hearing reflects that Judge Lopez concluded that, as the successor judge, he lacked the authority to vacate or modify the final summary judgment entered by the predecessor judge, Judge Ruiz. As such, Judge Lopez did not reach the merits of Ms. Samoilova's Motion to Vacate.

Ms. Samoilova contends that Judge Lopez erred by denying the

Motion to Vacate based on his determination that, as a predecessor judge, he lacked the authority to rule on the Motion to Vacate directed at the summary final judgment entered by the successor judge, Judge Ruiz. We agree.

A successor judge has the authority to rule on a rule 1.540 motion directed to a final judgment entered by a predecessor judge. In Paladin Properties v. Family Investment Enterprises, 952 So. 2d 560 (Fla. 2d DCA 2007), the appellant argued that the successor judge erred in considering the rule 1.540(b) motion to vacate a default final judgment because the motion to vacate should have been heard by the predecessor judge. In rejecting this argument, the Second District Court of Appeal explained as follows:

> The Florida Supreme Court has held that a successor judge may revisit a final judgment entered by a predecessor judge when there is a motion filed pursuant to Florida Rule of Civil Procedure 1.540. Tingle v. Dade County Bd. of County Comm'rs, 245 So. 2d 76, 77–78 (Fla.1971). This is so "because a legally sufficient rule 1.540 motion by definition entails matters which (at least ordinarily) were not presented to, or considered by, the predecessor judge." Batista v. Batista, 553 So. 2d 1281, 1282 (Fla. 3d DCA 1989). Essentially, the successor judge is not reconsidering the merits of the predecessor judge's rulings but is instead ruling "on the appropriateness of setting aside that judgment under Rule 1.540." Powers v. ITT Fin. Servs. Corp., 662 So. 2d 1343, 1345 (Fla. 5th DCA 1995).

Paladin Props., 952 So. 2d at 562; see also Schlesinger v. Chem. Bank,

707 So. 2d 868 (Fla. 4th DCA 1998) (holding that a successor judge has the authority to vacate a final judgment entered by a judge who had been disqualified after the rendition of the final judgment). Thus, as Judge Lopez had the authority to rule on Ms. Samoilova's Motion to Vacate, we reverse the order under review and remand with instructions for the trial court to address the merits of Ms. Samoilova's Motion to Vacate.

Based on our ruling, we do not need to address the remaining arguments raised by Ms. Samoilova.

Reversed and remanded with instructions.