# Third District Court of Appeal

## State of Florida

Opinion filed August 17, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2011
Lower Tribunal No. 20-17732
_____

**Wolfgang Varona,**
Appellant,

vs.

**Universal Property & Casualty Insurance Company, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Schwartz Sladkus Reich Greenberg Atlas LLP, and Randall Burks and Robin Bresky (Boca Raton), for appellant.

Russo Appellate Firm, P.A., and Elizabeth K. Russo; and Young, Bill, Boles, Palmer & Duke, P.A., for appellee Universal Property & Casualty Insurance Company.

Before SCALES, HENDON and BOKOR, JJ.

PER CURIAM.

Affirmed.

SCALES, J., concurring specially.

I concur in affirming the trial court's October 4, 2021 order denying appellant Wolfgang Varona's June 24, 2021 motion filed pursuant to Florida Rule of Civil Procedure 1.540(b). I write only to suggest that, rather than denying Varona's rule 1.540(b) motion, the trial court probably should have struck it as non-cognizable.

On June 9, 2021, upon its determination that Varona's acceptance of appellee Universal Property & Casualty Insurance Company's proposal for settlement had extinguished Varona's statutory bad faith claim, the trial court entered an order dismissing, with prejudice, Varona's first amended complaint ("dismissal order"). Shortly thereafter, on June 14, 2021, Varona filed a timely Florida Rule of Civil Procedure 1.530 motion for rehearing directed toward the dismissal order. In this rehearing motion, Varona argued that the trial court had legally erred by entering the dismissal order.

The record reflects that Varona's rehearing motion was never adjudicated by the trial court. Rather, on June 24, 2021, Varona filed what he characterized as a motion to vacate the dismissal order pursuant to rule 1.540(b). As in his rehearing motion, Varona's rule 1.540(b) motion argued

2

the merits of the dismissal order, i.e., that the trial court had legally erred by entering the dismissal order.

I do not think Verona's rule 1.540(b) motion was cognizable for two reasons. First, rule 1.540(b) is applicable only to judgments, decrees, or orders that are *final*. See Lawrence v. Marina Tower of Turnberry Isle Condo. Ass'n, 323 So. 3d 271, 272-73 (Fla. 3d DCA 2021). Verona's timely-filed rehearing motion tolled rendition of the dismissal order until the rehearing motion was either withdrawn by written notice filed in the lower tribunal or adjudicated by the trial court. See Fla. R. App. P. 9.020(h)(2)(A). Because Verona's rehearing motion has been neither withdrawn nor adjudicated, the dismissal order has not yet been "deemed rendered" for appellate purposes. See Fla. R. App. P. 9.020(h)(2)(A), (C). In my view, the dismissal order is also not yet "final" for purposes of rule 1.540 and, therefore, Verona's purported challenged to the dismissal order under the auspices of rule 1.540(b) was not cognizable. See Pruitt v. Brock, 437 So. 2d 768, 772 (Fla. 1st DCA 1983) ("If a timely motion for rehearing is to affect the finality and the operation of a final judgment, order or decree for appellate purposes, we can find no logical reason for not consistently applying that principle to toll the one-year time limitation provided in rule 1.540(b), until such time as the motion's disposition.").

3

Second, as this Court has made quite clear, rule 1.540(b) provides a very limited basis for a trial court to re-assert jurisdiction to vacate a final judgment, decree or order if the grounds specified in the rule are present; the rule does not provide a mechanism to challenge, as Verona's rule 1.540(b) motion does, the merits of a final order. See Balmoral Condo. Ass'n v. Grimaldi, 107 So. 3d 1149, 1152 (Fla. 3d DCA 2013). A trial court is simply "not empowered to revisit a final judgment[, order or decree] on the merits so as to correct errors of law as the trial court may do on a motion for rehearing under Fla. R. Civ. P. 1.530." Id. at 1153 (quoting Herskowitz v. Herskowitz, 513 So. 3d 1318, 1319 (Fla. 3d DCA 1987)).