# Third District Court of Appeal

## State of Florida

Opinion filed January 31, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0054
Lower Tribunal No. 20-4641
_____

**Eva Maria Anderson,**
Appellant,

vs.

**In Re: Estate of Mario Quintero,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Law Offices of Scott Alan Orth, P.A., and Scott Alan Orth (Hollywood), for appellant.

Solomon Appeals, Mediation & Arbitration, and Donna Greenspan Solomon (Fort Lauderdale), for appellee.

Before FERNANDEZ, SCALES and MILLER, JJ.

SCALES, J.

Appellant Eva Maria Anderson appeals two probate court orders[1] that effectively denied Anderson's successive attempt to have the probate court consider a document as a lost will. We affirm because the probate court correctly concluded that our holding in Anderson v. Estate of Quintero, 374 So. 3d 67 (Fla. 3d DCA 2022) ("Anderson I") precluded Anderson's successive attempt to have the document probated.

## I. **Relevant Factual Background**

In November 2020, Anderson filed in the probate court a petition seeking to establish that a document presented to the probate court was a lost will (the "Lost Will"). On August 17, 2021, the probate court entered an order ("August 17th order") determining that the Lost Will was invalid.[2] Based on this finding of invalidity, the probate court also concluded in its August 17th order that the probate case would proceed as if the decedent had died intestate. Anderson did not appeal this August 17th order but, instead, appealed that portion of a September 8, 2021 homestead determination order that merely reiterated the August 17th order's intestacy finding.

---

[1] The orders are a December 8, 2022 order granting the personal representative of the appellee Estate of Mario Quintero's (the "Estate") motion to preclude the taking of depositions and a December 14, 2022 order denying Anderson's renewed petition to establish a lost will.

[2] The probate court found that the Lost Will, allegedly signed by the decedent, was not witnessed and bore a defective notarization.

Characterizing the August 17th order as an appealable final order, we determined, in <u>Anderson I</u>, that we lacked jurisdiction to adjudicate Anderson's attempted untimely appeal of the intestacy finding which had been reiterated in the September 8, 2021 homestead determination order, but which initially was the basis of the August 17th order. <u>Anderson I</u>, 374 So. 3d at 69.

After our <u>Anderson I</u> opinion issued on August 31, 2021, Anderson filed, on September 7, 2022, a Florida Rule of Civil Procedure 1.540(b)(2) motion[3] seeking to vacate the reiterated intestacy finding contained in the September 8, 2021 order. Anderson's rule 1.540(b)(2) motion asserted that the intestacy finding should be vacated because Anderson had new evidence to indicate that the Lost Will had been properly signed, witnessed, and notarized. Anderson then filed an October 13, 2021 renewed petition to establish what Anderson characterized as a second lost will (the "renewed petition"). This so-called second lost will, appended to Anderson's renewed

---

[3] A proceeding to establish a lost or destroyed or later discovered will is considered an adversary proceeding under the Florida Probate rules. <u>See</u> Fla. Prob. R. 5.025(a). As such, the Florida Rules of Civil Procedure, including rule 1.540(b)(2), are applicable to the proceedings. <u>See</u> Fla. Prob. R. 5.025(d)(2). Rule 1.540(b) authorizes a trial court to vacate a final judgment upon the movant's showing of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing[.]" Fla. R. Civ. P. 1.540(b)(2)

petition, though, is identical to the Lost Will that Anderson had initially presented to the probate court in November 2020, and which the probate court, in its August 17th order, had determined was invalid.

Then, on November 3, 2022, as an apparent amendment to her renewed petition, Anderson filed with the trial court a second version of the so-called second lost will. This second version again contained the same testamentary provisions as the Lost Will, but in this version both the decedent's signature and the improper notarization were removed. On November 18, 2022, Anderson filed notices seeking to take two depositions to elicit testimony that, presumably, would validate the so-called second lost will. On that same day, the Estate filed a motion for protective order arguing that, in light of our Anderson I opinion, Anderson had no basis for continuing her attempts to intervene in the probate matter.

On December 6, 2022, the trial court conducted a hearing on Anderson's renewed petition and the Estate's motion for protective order directed toward Anderson's attempt to take depositions. On December 8, 2022, the probate court entered an order granting the Estate's motion for protective order. And on December 14, 2022, deeming our Anderson I opinion "law of the case," the probate court entered an order denying Anderson's renewed petition. Anderson timely appeals both of these orders.

4

Our record indicates that the probate court did not adjudicate Anderson's pending rule 1.540(b)(2) motion of September 7, 2022.

## II. Analysis

At the outset, we note that the parties do not seem to disagree with the general notion that our holding in Anderson I would not preclude a proponent of a lost will – whether that proponent be Anderson or someone else – from seeking to establish the validity of a will that is *different* from the one invalidated in the probate court's August 17th order. Indeed, a lost will may be presented to the probate court at any time before the discharge of an estate. See § 733.207, Fla. Stat. (2022) ("Any interested person may establish the full and precise terms of a lost or destroyed will and offer the will for probate."); § 733.208, Fla. Stat. (2022) ("No will or codicil may be offered after the testate or intestate estate has been completely administered and the personal representative discharged"). According to our record, to date, the estate has not been closed.

The parties' disagreement is premised upon whether Florida's "law of the case" doctrine applies so as to preclude Anderson from seeking to have the so-called second lost will probated. The problem with Anderson's argument is that, irrespective of Anderson's characterization of the documents, at no point did Anderson seek to have probated a will that

5

differed in any meaningful way from the Lost Will that the probate court concluded was invalid in its August 17th order. Put another way, Anderson's renewed petition did not seek to have the trial court probate a different will from the one she initially unsuccessfully sought to have probated. Rather, Anderson's renewed petition merely continued her quest to have the Lost Will admitted to probate; her unadjudicated rule 1.540(b)(2) motion is based on her alleged discovery of "new evidence" that, she asserts, would establish the validity of the Lost Will. Anderson's renewed petition attached to it the exact same document that was attached to Anderson's initial November 2020 petition; and then, in a second swing of the bat Anderson filed another document that is substantially the same except for two scrubbed signatures. In other words, Anderson's successive efforts produced no second lost will.

Under the unique circumstances presented in this case, the trial court correctly determined that this Court's Anderson I holding[4] – concluding that the August 17th order was a final appealable order that Anderson had failed to appeal – effectively precluded Anderson's successive attempt to have the Lost Will probated. Anderson's second attempt was successive because, essentially, she presented the same will to the trial court that she presented the first time, i.e., a will that the probate court, in its August 17th order,

---

[4] Anderson I, 374 So. 3d at 69.

concluded was invalid. This Court's determination in <u>Anderson I</u> that we lacked appellate jurisdiction to review this final August 17th order rendered that order's invalidity finding "law of the case." See <u>Danforth v. Danforth</u>, 363 So. 3d 242, 243 n.1 (Fla. 6th DCA 2023).

Finally, to the extent that Anderson assigns error to the probate court for not adjudicating her September 7, 2022 rule 1.540(b)(2) motion, we conclude that this motion was untimely, and therefore not cognizable. As mentioned above, Anderson's September 7, 2022 rule 1.540(b)(2) motion asserted that "new evidence" would validate the Lost Will that the probate court's August 17th order determined was invalid. For her rule 1.540(b)(2) motion to be cognizable, though, it had to have been filed within one year of the rendition of the August 17th order,[5] that is, on or before August 16, 2022. Anderson's September 7, 2022 rule 1.540(b) motion was therefore untimely and not cognizable. See <u>Linares v. Bank of Am., N.A.</u>, 278 So. 3d 330, 332 (Fla. 3d DCA 2019).

To circumvent this, Anderson argues that it was the reiterated intestacy finding – contained in the September 8, 2021 order – that her September 7, 2022 rule 1.540(b)(2) motion sought to vacate, and therefore her motion was

_____

[5] A rule 1.540(b)(2) motion, based on the discovery of new evidence, must be filed within one year of the rendition of the final judgment sought to be vacated. Fla. R. Civ. P. 1.540.

timely. But, as we held in <u>Anderson I</u>, the reiterated intestacy finding contained in the September 8, 2021 order did not create a new window of jurisdictional opportunity. <u>Anderson I</u>, 374 So. 3d at 70 ("We . . . reject Anderson's suggestion that, by reiterating the August 17 order's intestacy finding in its September 8 order, the probate court somehow re-opened an appellate window to allow for an untimely appeal of the intestacy finding contained in the August 17 order."). Rule 1.540(b) allows a trial court, in very narrow, strictly enumerated instances, to revisit findings and holdings contained in final orders and judgments. <u>Balmoral Condo. Ass'n v. Grimaldi</u>, 107 So. 3d 1149, 1151 (Fla. 3d DCA 2013). We decline Anderson's invitation to expand the scope of rule 1.540(b) to allow a challenge to a finding or holding that is a mere reiteration of a finding or holding initially contained in a previous order.[6]

---

[6] Without deciding the issue, we note that Anderson's September 8, 2022 rule 1.540(b)(2) motion may not have been cognizable for yet another reason: it is successive. <u>Perez v. Saima Grp. Corp.</u>, 347 So. 3d 421, 422 (Fla. 3d DCA 2022) ("We are compelled to dismiss the appeal because we lack appellate jurisdiction to review an order denying a successive rule 1.540(b) motion where, as here, the grounds asserted in the successive motion were known to the movant at the time the movant filed the first rule 1.540(b) motion."). While this Court was considering <u>Anderson I</u>, Anderson asked that we relinquish jurisdiction to allow the probate court to adjudicate her first rule 1.540(b) motion, filed on October 12, 2021, which we did. On January 11, 2022, the probate court entered its order denying Anderson's first rule 1.540(b) motion, and Anderson then amended her <u>Anderson I</u> notice

8

### III. <u>Conclusion</u>

We conclude that the probate court did not err (i) by applying Florida's law of the case doctrine to deny Anderson's renewed petition to establish a lost will, and (ii) by not adjudicating Anderson's September 7, 2022 rule 1.540(b)(2) motion.

Affirmed.

---

of appeal to include this order. We affirmed the probate court's January 11, 2022 order in <u>Anderson I</u>. <u>See</u> <u>Anderson I</u>, 374 So. 3d at 70.