# Third District Court of Appeal

## State of Florida

Opinion filed October 2, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2061
Lower Tribunal No. 18-11819
_____


**James L. Murphy**,
Appellant,

vs.

**Miami FL Home Solutions LLC**,
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

James L. Murphy, in proper person.

Gulisano Law, PLLC, and Michael Gulisano (Boca Raton), for appellee.


Before EMAS, SCALES and MILLER, JJ.

PER CURIAM.

Appellant James L. Murphy, self-represented, appeals the trial court's denial of fifteen motions, all filed pursuant to Florida Rule of Civil Procedure 1.540(b), seeking to vacate a May 8, 2020 final judgment that required Murphy to specifically perform under a purchase and sale contract. Because Murphy set none of these motions for hearing, appellee Miami FL Home Solutions LLC set the motions for hearing on October 20, 2023, a hearing that Murphy did not attend. On October 23, 2023, the trial court entered the challenged order denying each of Murphy's rule 1.540(b) motions.

While not entirely clear from Murphy's briefing, it appears that Murphy's main argument on appeal is that the trial court abused its discretion in denying his rule 1.540(b) motions because he was not given proper notice of the October 20th hearing. The record, though, belies this contention.

We note that, in his rule 1.540(b) motions, Murphy principally argues that the trial court committed legal error by entering the May 8, 2020 final judgment. Rule 1.540(b) provides very limited bases for a trial court to exercise jurisdiction over a case after a final judgment has been entered. Anderson v. Estate of Quintero, 388 So. 3d 938, 942 (Fla. 3d DCA 2024) ("Rule 1.540(b) allows a trial court, in very narrow, strictly enumerated instances, to revisit findings and holdings contained in final orders and judgments.").

2

Even if the trial court legally erred in entering the final judgment (which we do not suggest occurred here), rule 1.540(b) is not the vehicle to correct mere legal error. Curbelo v. Ullman, 571 So. 2d 443, 445 (Fla. 1990); Balmoral Condo. Ass'n v. Grimaldi, 107 So. 3d 1149, 1152 (Fla. 3d DCA 2013) ("[T]he contention that the order was simply wrong as a matter of law on the merits is not one of the enumerated grounds for relief under rule 1.540.").

Affirmed.